## JASPER v. SAWYER et al.

Civ. A. 3504–51.

United States District Court
District of Columbia.

Oct. 3, 1951.

422

Charles F. O'Neall, and Paul D. Page, Jr., Washington, D. C., for the plaintiff.

Thomas L. McKevitt, and Walter Williams, both of the Department of Justice, Washington, D. C., for the defendants.

HOLTZOFF, District Judge.

This is an action by an adjacent property owner to enjoin the Secretary of Commerce and the Attorney General of the United States from taking by eminent domain certain property in the State of Virginia for use as an airport.

The matter is now before this court on an application made by the plaintiff for the convening of a three-judge statutory court, pursuant to section 2282, Title 28, of the United States Code, the claim being made by the plaintiff that the statute under which the defendants are proceeding is unconstitutional. That section provides that an injunction restraining the enforcement of an act of Congress because of repugnance to the Constitution of the United States shall not be granted by any district court or judge unless the application is heard and determined by a district court of three judges.

It is well-settled that in order to justify the convening of a three-judge court, pursuant to the statute to which reference has been made, the constitutional question raised must be substantial, and a mere assertion of unconstitutionality is insufficient. It must appear that the question is a reasonably debatable one. It has been further held that if the point raised in support of the allegation of repugnance to the Constitution is one that has been determined by binding decisions of the Supreme Court, this circumstance precludes the question from being regarded as substantial.

The principles governing these matters were laid down by the Supreme Court in California Water Service Co. v. City of Redding, 304 U.S. 252, 254–255, 58 S.Ct. 865, 866, 82 L.Ed. 1323. In that case the court stated: "We have held that section 266 of the Judicial Code, 28 U.S.C.A. § 380, does not apply unless there is a substantial claim of the unconstitutionality of a state statute or administrative order as there described. It is therefore the duty of a district judge, to whom an application for an injunction restraining the enforcement of a state statute or order is made, to scrutinize the bill of complaint to ascertain whether a substantial federal question is presented, as otherwise the provision for the convening of a court of three judges is not applicable. (Cases cited.) We think that a similar rule governs proceedings under Section 3 of the Act of August 24, 1937, 28 U.S.C.A. § 380a, as to the participation of three judges in passing upon applications for injunctions restraining the enforcement of federal statutes upon the ground of constitutional invalidity."

The court goes on to say: "The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject."

These principles were strictly applied in this jurisdiction in the case of Osage Tribe of Indians v. Ickes, D.C., 45 F.Supp. 179, 185, where it was pointed out that the three-judge procedure is an extraordinary one, imposing a heavy burden on federal courts,

with attendant expense and delay; a procedure, designed for a specific class of cases, sharply defined, which should not be lightly extended.

It appears that the Secretary of Commerce and the Attorney General are proceeding under the Act of September 7, 1950, Public Law 762, 81st Congress, 64 Stat. 770, which authorized and directed the Secretary of Commerce to construct, operate, and maintain a public airport within or in the vicinity of the District of Columbia. The Act further confers upon the secretary the power of eminent domain. It is alleged in the complaint that the airport is to be a municipal facility of the District of Columbia, located in Virginia. It is further asserted that it is unconstitutional to confer the power of eminent domain in connection with the construction and operation of a municipal facility for the District of Columbia, located outside of the District.

 The court must, of course, take judicial notice of an act of Congress, and if there is an inconsistency between the act of Congress in question and a summary of its contents in the pleadings, the former must prevail. The court construes the act as not authorizing the construction of a municipal airport, but of a national or federal airport, to be located either within the District of Columbia or in its vicinity.

 It is settled by decisions of the Supreme Court, beyond peradventure of doubt, that the United States is clothed with the power of eminent domain. Even though the power was not expressly conferred by the Constitution, the power is implied and is incidental to carrying out other powers, Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449. The right of eminent domain which exists in the federal government may be exercised by it within the states, so far as is necessary to the enjoyment of the powers conferred upon it

by the Constitution. Under its power to regulate commerce between the states, as well as foreign commerce, it is fundamental that Congress may construct, maintain, and operate instrumentalities of such commerce, California v. Pacific Railroad Co., 127 U.S. 1, 39, 8 S.Ct. 1073, 32 L.Ed. 150; Luxton v. North River Bridge Co., 153 U.S. 525, 529 et seq., 14 S.Ct. 891, 38 L.Ed. 808. Since the early days of the Republic, acting under this power as well as the power to maintain post offices and post roads, Congress constructed such instrumentalities of commerce as roads, highways, bridges, lighthouses, and the like. The power to do so is so well established that to question it does not present a substantial constitutional issue. At times Congress has maintained such instrumentalities through federal agencies, and at other times through corporations organized by its authority.

 It is clear that in the light of modern developments an airport is an instrumentality of both foreign and interstate commerce. While, to be sure, what constitutes a public use is a judicial question—and if the question is substantially debatable it would justify the convening of a three-judge court—nevertheless, when it is clear that the use for which it is sought to condemn property by eminent domain is a public one, there is no basis for a conclusion that a substantial question is presented as to the constitutionality of the statute.

 The court feels that it is beyond the realm of debate that an airport is as much an instrumentality of commerce as a highway, a bridge, a lock, a dam, a lighthouse, all of which have been constructed at various times in different places under the authority of acts of Congress acting under the commerce power. The court, therefore, reaches the conclusion that a substantial constitutional question is not presented, and the application for convening a three-judge court is denied.