Joseph SIMINOFF, Ida Gottesman, Anna Taffler, Benny Saltzman, Felix Kusman, Rose Lightcap and Martin Young, Plaintiffs,

v.

John L. MURFF, District Director of the Third District of the Immigration and Naturalization Service at New York, New York, Defendant.

United States District Court
S. D. New York.
July 13, 1958.

Blanch Freedman and Gloria Agrin, New York City, for plaintiffs. Blanch Freedman, New York City, of counsel.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, for defendant. Roy Babitt, Sp. Asst. to the U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

These are two motions and a cross-motion filed in the above-entitled action. The action, filed April 10, 1958, is for a declaratory judgment declaring that § 242(d) (4) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1252, and Regulation 242.2(d) of Title 8 of the Code of Federal Regulations, as construed and applied, are unconstitutional, invalid and void, and that Provision (3) of Orders of Supervision, issued under the above statute and regulation on February 6, 1958, December 17, 1957 and December 27, 1957, is unauthorized by statute and an unreasonable exercise of power and discretion and unconstitutional, and, therefore, invalid and void.

Plaintiffs here, by an order to show cause, ask this Court to make the above declarations on motion, and ask that pending a determination of the action the defendant be enjoined from requiring the plaintiffs to comply with Provision (3) of the Orders of Supervision. On the basis of their allegation that § 242(d) (4) of the Immigration and Nationality Act of 1952 is unconstitutional, plaintiffs also ask the convening of a Three-Judge Court to hear and determine the action, pursuant to the provisions of 28 U.S.C. §§ 2282, 2284. Defendant, the United States Government, has cross-moved on affidavits under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C. for a summary judgment dismissing the complaint on grounds that there are no material issues of fact and defendant is entitled to judgment as a matter of law. The Government seeks a further order denying plaintiffs' motion for an injunction and vacating an existing temporary restraining order which was contained in plaintiffs' order to show cause which brought on plaintiffs' motion before this Court.

From the papers it appears, and the complaint so states, that plaintiffs are the subject of final administrative orders of deportation which have been outstanding for more than six months. Each plaintiff has been found deportable on the ground that, subsequent to entry, he was either a member of the Communist Party of the United States or a member of an organization advocating the overthrow of the Government. More than six months have elapsed from the entry of the orders of deportation, but the Government states that it is presently unable to execute the expulsion orders. Resultantly, plaintiffs have been permitted to remain at large, subject to the Attorney General's supervision under the authority contained in § 242(d) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1252(d) and regulations promulgated thereunder. 8 C.F.R. § 242.2(d).

Pursuant to the above statute and regulation [1] the District Director of the

---

1. The Immigration and Naturalization Act of 1952, 8 U.S.C.A. § 1252, includes the following provisions:

"(c) Final order of deportation; place of detention.

"When a final order of deportation under administrative processes is made against any alien, the Attorney General shall have a period of six months from the date of such order * * * within which to effect the alien's departure from the United States, during which period, at the Attorney General's discretion, the alien may be detained, released on bond in an amount and containing such conditions as the Attorney General may prescribe, or released on such other condition as the Attorney General may prescribe * * *. If deportation has not been practicable, advisable, or possible, or departure of the alien from the United States under the order of deportation has not been effected, within such six-month period, the alien shall become subject to such further supervision and detention pending eventual deportation as is authorized in this section * * *." Section 242(c), 8 U.S.C.A. § 1252(d);

"(d) Supervision of deportable alien; violation by alien.

"Any alien, against whom a final order of deportation as defined in subsection (c) of this section, heretofore or hereafter issued has been outstanding for more than six months, shall, pending eventual deportation, be subject to supervision under regulations prescribed by the Attorney General. Such regulations shall include provisions which will require any alien subject to supervision

Third District of the Immigration and Naturalization Service, issued a written Order of Supervision stating the supervisory regulations applicable to the plaintiffs in this action, and proper notice was given to the plaintiffs. The Order of Supervision includes Provision (3) which reads:

"That said alien shall not travel outside New York District, New York without furnishing written notice to the Assistant District Director for Deportation of the Immigration and Naturalization Service at the address shown in (5) of the places to which he intends to travel and the dates of such travel, at least 48 hours prior to beginning the travel unless that Immigration Officer grants him written permission to begin the travel before the expiration of the 48-hour notice period."

Each of the plaintiffs has refused to sign the order pertaining to himself and this action was brought to set aside the Orders of Supervision.

The major issue on this motion appears to be the reasonableness of Provision (3) of the Orders of Supervision, and whether this provision was issued in conformity with the statute and the federal regulation, and whether there was an improper delegation of authority to the District Director. Although plaintiffs appear generally to attack the constitutionality of § 242(d) of the Immigration and Nationality Act of 1952, *supra*, their real objection appears directed to the reasonableness of this Order of Supervision, and they take the position that if this order is held properly issued under the statute, then the statute as so interpreted is unconstitutional. As stated in their affidavits, plaintiffs' position essentially is that Provision (3) goes beyond supervision reasonably calculated to assure their continued availability for deportation.

The Court has examined the statute, regulation and Provision (3) of the Orders of Supervision, and the affidavits of plaintiffs, and accepting all the facts that plaintiffs state in their affidavits as true facts, the Court cannot conclude that the Order of Supervision is unreasonable or constitutes an abuse of discretion or improper exercise of delegated authority.

The Supreme Court has recently considered § 1252(d) and there upheld the constitutionality of this section, at least to the extent that it assures reasonable inquiries and supervision which insure the continued availability for deportation of aliens who have been declared deportable.[2] United States v. Witkovich, 1957, 353 U.S. 194, 199, 200–201, 77 S. Ct. 779, 1 L.Ed.2d 765; see, also, Sent-

---

(1) to appear from time to time before an *immigration officer for identification;* (2) to submit, if necessary, to medical and psychiatric examination at the expense of the United States; (3) to give information under oath as to his nationality, circumstances, habits, associations, and activities, and such other information, whether or not related to the foregoing, as the Attorney General may deem fit and proper; and (4) to conform to such reasonable written restrictions on his conduct or activities as are prescribed by the Attorney General in his case. * * *" Section 242(d), 8 U.S.C.A. § 1252(d) as amended Sept. 3, 1954.

(Penalties of up to $1,000 fine and/or one year imprisonment are provided for willful non-compliance with these provisions).

Section 242.2(d) of Title 8, Code of Federal Regulations, reads as follows:

"(d) *Supervision.* Until an alien against whom a final order of deportation has been outstanding for more than six months is deported, he shall be subject to supervision by a district director or immigration officer acting for him and required to comply with the provisions of section 242(d) of the act relating to his availability for deportation."

2. The Supreme Court in the Witkovich case specifically decided that the intent of the statute was that questions which might be asked under § 1252(d) (3) were questions "reasonably calculated to keep the Attorney General advised regarding the continued availability for departure of aliens whose deportation is overdue." 353 U.S. at pages 198, 202, 77 S.Ct. at page 784. The Supreme Court, therefore, avoided the determination of whether the act would be constitutional if it were to authorize inquiry into matters going beyond availability for depor-

ner v. Colarelli, D.C.E.D.Mo.1956, 145 F. Supp. 569, affirmed per curiam sub nom. Barton v. Sentner, 1957, 353 U.S. 963, 77 S.Ct. 1047, 1 L.Ed.2d 901. As so interpreted the statutory section came within the power of the Congress to exercise the sovereign right of the United States to regulate the admission and expulsion of aliens within its territory. See Carlson v. Landon, 1952, 342 U.S. 524, 534–537, 72 S.Ct. 525, 96 L.Ed. 547; United States v. Witkovich, D.C.N.D.Ill.1956, 140 F.Supp. 815, 817, affirmed 1957, 353 U.S. 194, 77 S.Ct. 779, 1 L.Ed.2d 765.

Resultantly, if the Order of Supervision imposed upon plaintiffs here is within the authorization of the statute and is reasonably calculated to inform the District Director of Immigration and Naturalization of the continued availability of the plaintiffs for deportation, then the Court holds that the provisions raise no constitutional issues. Section 242(d) of the Immigration and Nationality Act (see full text in footnote 1, supra) provides that an alien against whom a final order of deportation is outstanding shall, pending eventual deportation, be subject to supervision under regulations prescribed by the Attorney General. Among other provisions, "such regulations shall include provisions which require any alien subject to supervision (1) to appear from time to time before an immigration officer * * * (3) to give information under oath as to his * * * activities, and such other information, whether or not related to the foregoing, as the Attorney General may deem fit and proper; and (4) to conform to such reasonable written restrictions on his conduct or activities as are prescribed by the Attorney General in his case * * *." 8 U.S.C.A. § 1252(d).

Provision (3) of the Orders of Supervision applicable to these plaintiffs provides that plaintiffs will give 48-hour notice to the Assistant District Director for Deportation if they plan to leave the New York District, unless the immigration officer gives permission to leave sooner. Such a notice must state the places the plaintiff intends to travel and the dates of such travel. Such a provision certainly appears on its face to be a reasonable one calculated to apprise the Immigration Service of the whereabouts of the plaintiff, which they must know if an opportunity for deportation arises. The provision further appears to be within the meaning and intent of the statutory sections and particularly to be in accord with subdivision (4). The Court believes that the statutory authorization appears from the mere statement of the above provision. The Court cannot find from the affidavits and statements of the plaintiffs that it is unreasonable to require that such notice be given or that the Attorney General, acting through the District Director for Immigration, has abused his discretion in directing such supervision. It is particularly to be noted that this provision does not require that the plaintiffs secure the permission of the Director of Immigration to make a trip, but provides only that they give appropriate notice that they are making a trip. See Sentner v. Colarelli, supra. Plaintiffs, in their affidavits, state that it is unreasonable to require them to report on movements outside of the New York District when they may make longer trips within the District than in going to such places outside of the District as Newark, Palisades Park and other nearby countryside areas in Connecticut. Plaintiffs variously include a carpenter, a milk salesman, a

---

tation. If the act were so read, the Supreme Court held that this would "at the very least, open up the question of the extent to which an administrative officer may inhibit deportable aliens from renewing activities that subjected them to deportation." 353 U.S. at page 201, 77 S.Ct. at page 783. See, also, 70 Harv.L. Rev. 718 (1957); Carlson v. Landon,

1952, 342 U.S. 524, 72 S.Ct. 525, 96 L. Ed. 547. The Supreme Court considered the subsection as a whole and appears to have read the entire section as allowing reasonable restrictions conceived to insure the availability for deportation of aliens who have been declared deportable. 353 U.S. at pages 199, 200, 77 S.Ct. at page 782.

house painter and a nurse, and all state that they have occasional jobs arising in nearby areas, particularly in New Jersey, or that they have families or relatives living in places such as Connecticut and that this provision for notice interferes considerably with the performance of their work tasks or the enjoyment of pleasant familial relationships. Resultantly, plaintiffs state that Provision (3) is a physical restriction upon their movements designed to fetter and to control their activities, to hamper them in the making of a living and to harass their families.

█ The Court agrees that in individual cases the provision for notice may work some hardship and this would be more true in some cases than others. The Court thinks that the affidavits point up the difficulty of setting geographic limits and time limits for the giving of notice by plaintiffs to the Government of their activities that relate to their availability for deportation. The Government has stated in its affidavit that for trips of any length by plaintiffs, 48 hours is a minimum period for maintaining effective supervision over the plaintiffs,

reasonably calculated to keep the Government advised regarding their continued availability for deportation. The Court can envision situations where the making of such trips, or the inability of the Department of Justice immediately to locate plaintiffs, or to place them under the supervision of Directors of Immigration in other districts, might well interfere with opportunities arising for deportation. The limits set within Provision (3) do appear somewhat narrow,[3] but this Court cannot say that such a restriction is an unreasonable one or an abuse of administrative discretion. Any time limit set for notice or limits of geographic boundaries must, of necessity, be somewhat arbitrary when one considers the nature of time and space.

██ The Court cannot say that the requirements set are unreasonable or that their enactment is in any way a violation of due process of law. The Court makes this determination with full awareness that the right to travel is a basic part of the American heritage and an important liberty within the meaning of the Fifth Amendment. Kent v. Dulles, 1958, 78 S.Ct. 1113. Provi-

3. Although the Government could insist on continuing Provision (3) in effect as meeting the test of reasonableness, the Government has nonetheless shown a commendable willingness to modify its orders where individual hardships exist. From one of plaintiffs' affidavits, it appears that permission to travel to New Jersey and Pennsylvania without restriction or notice, for short trips, was allowed. Further, the Government has offered plaintiffs here to enlarge the districts for travel without advance notice, for short trips, to include New York, New Jersey and Connecticut, but has stated that the 48-hour advance notice period must remain for other areas as the absolute minimum time necessary to supervise the whereabouts of plaintiffs in connection with their availability for deportation. The fact that the Government has offered to extend the areas does not demonstrate the unreasonableness of the present provision in that the Court thinks there is a difference to be drawn between a reasonable provision of supervision and a provision which provides the absolute minimum of supervision. There is a range of discretion open to the Attorney General under § 1252(d) of 8 U.

S.C.A. with which the Court may not interfere.

This provision of the Orders of Supervision is similar to provisions upheld in Sentner v. Colarelli, D.C.E.D.Mo.1956, 145 F.Supp. 569, 582, affirmed 1957, *per curiam sub nom.* Barton v. Sentner, 353 U.S. 963, 77 S.Ct. 1047, 1 L.Ed.2d 901. In that case the district court eliminated a number of supervisory restrictions as exceeding the authority delegated by Congress, or as being vague or an abuse of administrative discretion. However, the court upheld provisions, among others, providing for 48-hour notice prior to a change of residence to another district and for prior notice of all trips outside the State of Missouri. The court noted that these restrictions "are somewhat cumbersome * * * but * * * are not deprivations of liberty without due process if they are reasonably calculated to achieve a legitimate governmental purpose, without imposing an unduly heavy burden on plaintiff." The court felt that these restrictions were reasonably designed to further the legitimate objective of assuring that plaintiff would be ready for deportation when deportation became possible.

sion (3) is clearly related to keeping the Immigration and Naturalization Service informed as to plaintiffs whereabouts and does not appear to have been enacted to harass or to be onerous to the extent that it disturbs the conscience of this Court. Plaintiffs here are, after all, persons whose deportation from this country has been ordered, and it is within the power of the Congress to enact reasonable measures to secure that deportation will be effected when it becomes possible. See Carlson v. Landon, supra, 342 U.S. at pages 534–537, 72 S.Ct. at pages 531–532; United States v. Witkovich, supra, 140 F.Supp. at page 817.

■■ Plaintiffs have also challenged the delegation of power authorized by the statute and the exercise of discretion by a District Director of Immigration rather than by the Attorney General. However, these contentions are not very strongly made, nor have plaintiffs supported their position with any substantial argument to the Court. The Court thinks that § 242(d) of the Immigration and Nationality Act of 1952, supra, is very specific in its enumerations and adequate to meet the tests for delegation in that it has set clear standards for the guidance and exercise of delegated authority. Cf. Winters v. People of State of New York, 1948, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840, with Lichter v. United States, 1948, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694; United States v. Witkovich, supra; Carlson v. Landon, supra, 342 U.S. at pages 543, 544, 72 S.Ct. at pages 525, 535. It is clear that "Congress need not make specific standards for each subsidiary executive action in carrying out a policy." "Congress can only legislate so far as is reasonable and practicable, and must leave to executive officers the authority to accomplish its purpose." Carlson v. Landon, 342 U.S. 524, at page 542, 72 S.Ct. at page 535. The delegation here appears a reasonable one.

■ Nor can plaintiffs seriously contend that it was intended that the Attorney General enforce the statute personally. Section 103 of the Immigration and Nationality Act, 8 U.S.C.A. § 1103, provides that the Attorney General is charged with the administration and enforcement of the act, but authorizes him to appoint and delegate to employees of the civil service or of the Department of Justice any of the duties and powers imposed upon him. Administration of the Immigration and Nationality Act by duly authorized delegates of the Immigration and Naturalization Service is not an unconstitutional delegation of power. Carlson v. Landon, supra; United States ex rel. Circella v. Sahli, 7 Cir., 1954, 216 F.2d 33, certiorari denied 1955, 348 U.S. 964, 75 S.Ct. 525, 99 L.Ed. 752. See, generally, Jay v. Boyd, 1956, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242; Zakonaite v. Wolf, 1912, 226 U.S. 272, 33 S.Ct. 31, 57 L.Ed. 218.

■ Resultantly, it thus appears that all of the issues raised by plaintiffs' order to show cause have been determined in the consideration of this motion. There are no disputed issues of material facts. The Court has found, as stated above, that Provision (3) is a reasonable one and that its issuance raises no substantial constitutional question. Therefore the Court grants the cross-motion of defendant for a summary judgment dismissing the complaint, and enters a further order denying plaintiffs' motion for an injunction and vacating the existing temporary restraining order which was contained in plaintiffs' order to show cause which brought plaintiffs' motion before this Court.

■ The determination here disposes of plaintiffs' request for a Three-Judge Court under 28 U.S.C.A. § 2282. Section 2282 states that an injunction restraining the enforcement, operation or execution of any act of Congress for repugnance to the Constitution shall not be granted unless the application is heard and determined by a district court of three judges. This Court has determined that there is no substantial federal question raised which warrants the granting of plaintiffs' application under that section. Particularly is this true in light of the Witkovich and Sentner cases discussed supra which uphold the constitutionality of the section plaintiffs

seek to attack and reasonable supervision pursuant to that section. It is well settled that in order to justify the convening of a three-judge court the constitutional issue raised must be substantial, and a mere assertion of unconstitutionality is insufficient. It has further been held that if the point raised in support of the allegation of repugnance to the Constitution is one that has been determined by the Supreme Court, this circumstance precludes the question from being regarded as substantial. See Wicks v. Southern Pacific Co., 9 Cir., 1956, 231 F.2d 130, certiorari denied 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471; Otten v. Baltimore & O. R. Co., 2 Cir., 1953, 205 F.2d 58; California Water Service Co. v. Redding, 1938, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Klaw v. Schaffer, D.C.S.D.N.Y.1957, 151 F.Supp. 534; Jasper v. Sawyer, D.C. 1951, 100 F.Supp. 421, 422, affirmed 92 U.S.App.D.C. 94, 205 F.2d 700. See, also, Jameson & Co. v. Morgenthau, 1939, 307 U.S. 171, 59 S.Ct. 804, 83 L.Ed. 1189; Parker v. Lester, D.C.N.D.Cal. 1951, 98 F.Supp. 300, 307, appeal dismissed 9 Cir., 191 F.2d 1020. The application to convene a Three-Judge Court is denied.

So ordered.