Joseph SIMINOFF, Ida Gottesman, Anna Taffler, Benny Saltzman, Felix Kusman, Rose Lightcap and Martin Young, Plaintiffs-Appellants,

v.

P. A. ESPERDY, District Director of the Third District of the Immigration and Naturalization Service at New York, New York, Defendant-Appellee.

No. 283, Docket 25367.

United States Court of Appeals Second Circuit.

Argued May 7, 1959.

Decided June 18, 1959.

Blanch Freedman, New York City (Gloria Agrin and David M. Freedman, New York City, on the brief), for plaintiffs-appellants.

Roy Babitt, Sp. Asst. U. S. Atty., S. D. N. Y., New York City (Arthur H. Christy, U. S. Atty., New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and EDELSTEIN, District Judge.

CLARK, Chief Judge.

This is an appeal from a decision of Judge Dawson, Siminoff v. Murff, D.C. S.D.N.Y., 164 F.Supp. 34, granting summary judgment dismissing plaintiffs' complaint. There is no dispute as to the material facts. Plaintiffs are aliens who have lived in this country for many years (20 to 53 in fact). They have been ordered deported because of membership in the Communist Party of the United States; these orders were entered as long ago as November 1951. Due apparently to exigencies of the cold war which are not likely to vanish overnight, the Immigration and Naturalization Service has been unable to effect the deportation of any of them since that date. In this action for a declaratory judgment and injunctive relief plaintiffs challenge the validity of a provision of an Order of Supervision issued to each of them by the Immigration and Naturalization Service under § 242(d)(4) of the Immigration

and Nationality Act of 1952, 8 U.S.C. § 1252(d)(4). This provision states:

"That said alien shall not travel outside New York District, without furnishing written notice to the Asst. District Director for Deportation of the Immigration and Naturalization Service * * * of the places to which he intends to travel and the dates of such travel, at least 48 hours prior to beginning the travel unless the Immigration Officer grants him written permission to begin the travel before the expiration of the 48-hour notice period."

■ It is definitively settled that the Attorney General's power of supervision under § 242(d) of the Immigration and Nationality Act is limited solely to assuring the availability of a deportable alien for deportation when that event should become feasible; and as this supervision may of necessity drag on into a lifetime surveillance, the powers granted by the section must be sparingly exercised. Barton v. Sentner, 353 U.S. 963, 77 S.Ct. 1047, 1 L.Ed.2d 901, affirming Sentner v. Colarelli, D.C.E.D.Mo., 145 F.Supp. 569; United States v. Witkovich, 353 U.S. 194, 77 S.Ct. 779, 1 L.Ed.2d 765. The Sentner and Witkovich cases also make clear that orders issued under § 242(d) are to be held to these standards by a rather strict court review.

■ The New York District of the Immigration and Naturalization Service, to which this order limits plaintiffs, includes New York City itself and only those suburban counties adjacent thereto which are within the State of New York. Hence plaintiffs' uncontradicted affidavits below not surprisingly show that the Service's orders worked substantial hardship and inconvenience on each of them. Thus they are prevented from making sudden, though natural, trips to work or to visit their children or relatives across the Hudson in New Jersey or up in nearby Connecticut. By way of contrast plaintiffs are ordered by other provisions of the same Orders of Supervision to report to the Immigration and Naturalization Service only four times a year and to notify the Service of changes in residence or employment 48 hours after the event. Requiring 48 hours' advance notice by them for trips which would be ordinarily planned and taken on the spur of the moment cannot, we think, be justified as reasonably necessary to assure their availability for deportation in the halcyon future when their native countries or some others will accept them. At a very minimum, in plaintiffs' present circumstances an order of this nature should be limited to notice mailed to the Service immediately prior to a trip and applicable only to trips of some considerable distance or duration.

■ It is, of course, not our function to define in detail a proper order; and beyond our previous comments we do not feel that we should go. The attorney for the defendant in his affidavit to the district court referred to several "offers" to modify the regulations made to and rejected by the plaintiffs. Since, however, these were never issued as official orders, we do not see that they are before us; nor do we find occasion to discuss their reasonableness. It is our conclusion that the Service's present order unduly harasses and burdens plaintiffs; we hold that it exceeds the authority conferred by § 242(d) and is invalid.

■ Inasmuch as plaintiffs seem to complain only of the provision in their Orders of Supervision which we have ruled invalid, we do not reach their contention, not raised below, that § 242(d) itself is unconstitutional in that it imposes criminal sanctions on an alien's failure to comply with orders designed to further his deportation, but does not require the United States to prove at the criminal trial the alien's deportability. In any event, moreover, as we cannot say that this contention is insubstantial, see United States v. Spector, 343 U.S. 169, 172–180, 72 S.Ct. 591, 96 L.Ed. 863; cf. Yakus v. United States, 321 U.S. 414, 478–489, 64 S.Ct. 660, 88 L.Ed. 834; Maggio v. Zeitz, 333 U.S. 56, 78–81, 68 S.Ct. 401, 92 L.Ed. 476; Fraenkel, Can the Administrative Process Evade the

Sixth Amendment? 1 Syracuse L.Rev. 173; but see *United States v. Heikkinen*, 7 Cir., 240 F.2d 94, reversed on other grounds *Heikkinen v. United States*, 355 U.S. 273, 78 S.Ct. 299, 2 L.Ed.2d 264, the question raised is properly for the consideration of a three-judge district court under 28 U.S.C. § 2282; and we can express no opinion on its merits. *Stratton v. St. Louis Southwestern R. Co.*, 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135; *Chicago, Duluth & Georgian Bay Transit Co. v. Nims*, 6 Cir., 252 F.2d 317; *Otten v. Baltimore & O. R. Co.*, 2 Cir., 205 F.2d 58; *Wicks v. Southern Pac. Co.*, 9 Cir., 231 F.2d 130, certiorari denied *Wicks v. Brotherhood of Maintenance of Way Employees*, 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471; *Waddell v. Chicago Land Clearance Commission*, 7 Cir., 206 F.2d 748. We see no obstacle to plaintiffs' pressing the point below following our remand if so advised.

Reversed and remanded.

WATERMAN, Circuit Judge (concurring).

I concur in reversing and remanding.

The record discloses that, with the single exception of Martin Young, an extension of the geographic area within which these deportees may travel without advance notice to the Service so as to include the states of New York, New Jersey and Connecticut would relieve every claimed deprivation. It already appears that Young has special permission to travel beyond these three states in his business, and nothing appears in the record to indicate that he has need of further special consideration. Therefore, I point out upon remand the contents of proposals by the Service to these petitioners, all as appears in the opinion below, 164 F.Supp. 34, 39, fn. 3, which proposals these petitioners have thus far rejected. There will be, of course, some difficulty experienced by the Service in extending the permissible travel area, for single administrative control is lost when district administrative lines are crossed, but administrative difficulties must be considered as secondary to other considerations,

and if the Service prescribes realistic notice provisions in its order of restraint I would think these plaintiffs-appellants, all of whom were ordered deported years ago, could have no cause for further complaint if the geographical area within which they may travel is extended to include the larger areas indicated.