293 F.Supp. 1101 (1968)
The HERALD COMPANY, a Corporation, d/b/a Globe-Democrat Publishing Company, Plaintiff,
v.
Roy W. HARPER, Presiding Judge, James H. Meredith and John K. Regan, Associate Judges, Defendants.
No. 68 C 269.
United States District Court E. D. Missouri, E. D.
November 25, 1968.
Lon Hocker, Hocker, Goodwin & MacGreevy, St. Louis, Mo., for plaintiff.
Veryl L. Riddle, U. S. Atty., Jim Shoemake, Asst. U. S. Atty., St. Louis, Mo., for defendants.
Bartley, Siegel & Bartlett and Donald S. Siegel, Clayton, Mo., and Gray L. Dorsey, St. Louis, Mo., for intervenor Albrecht.

*1102 MEMORANDUM AND ORDER DISMISSING PLAINTIFF'S COMPLAINT
DUNCAN, Senior District Judge.
This is an action instituted under Title 28 U.S.C. § 2282 seeking an interlocutory and permanent injunction restraining the enforcement, operation and execution of Title 15 U.S.C. § 15, which provides:
"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."
The plaintiff's action contends that the portion of the statute providing for the recovery of treble damages is repugnant to some ten provisions of the Constitution of the United States.[1]
This action was inspired on behalf of the plaintiff as a result of the mandate of the United States Court of Appeals for the Eighth Circuit dated June 6, 1968, under an order dated May 16, 1968, in a cause entitled Lester T. Albrecht v. The Herald Company, No. 18161 of said court.
The above action, instituted by Albrecht to recover damages for an alleged violation of the Sherman Act (15 U.S.C. § 1), was tried to a jury and resulted in a verdict for the defendant. The judgment was affirmed by the Court of Appeals, Albrecht v. Herald Co., 367 F.2d 517 (8th Cir. 1966). The Supreme Court heard the case on certiorari and reversed, holding that the undisputed facts showed a combination in restraint of trade. Albrecht v. Herald Co., 390 U.S. 145, 88 S.Ct. 869, 19 L.Ed.2d 998 (1968). The case was remanded to the Court of Appeals under directions to order the District Court to set aside the verdict and judgment and to proceed to a determination of the case in accordance with the mandate. Under the decision of the Supreme Court, which was carried out by the Court of Appeals in its mandate to the District Court, nothing remained except to determine the amount of damages.
When the case was returned from the Supreme Court, the Herald Company (respondent in the Supreme Court action) sought without success to challenge the constitutionality of the treble damage provision before the Court of Appeals in its remand hearing. When that effort failed and the Court of Appeals issued its mandate to the District Court to proceed with the trial of damages, this action was instituted.
*1103 The issue before this court is whether or not there is involved a substantial constitutional question justifying the empaneling of a three-judge court under 28 U.S.C. § 2282, which authorizes the bringing of a suit to enjoin the enforcement of a Federal statute. If a constitutional question is presented, a three-judge court must be empaneled for hearing and determining the question of the constitutionality of the statute which is attacked by the complaint. The threshold determination of whether or not a substantial constitutional question is involved is the responsibility of the District Judge before whom the action is pending. California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938).
The United States District Attorney in St. Louis on behalf of the defendants, has filed a Motion to Dismiss on the ground that the defendants are acting in their judicial and official capacity and are immune from suit. Lester T. Albrecht, who has been allowed to intervene in this action, has filed a Motion to Dismiss on two grounds: first, that the question of the constitutionality of the statute was ruled on by the Supreme Court in its decision reversing the Court of Appeals and is now res judicata, and second, that there is no substantial constitutional question involved. In view of the court's ruling on intervenor's motion, we think it is not necessary to rule on the defendants' Motion to Dismiss.
Considering intervenor's Motion to Dismiss, we rule against him on the question of res judicata because the question of the constitutionality of the Clayton Act's treble damage provision was not decided by the Supreme Court. The question was not raised by the defendant in the trial court nor in the Court of Appeals. It was first raised in the Supreme Court by the respondent Herald Company in a motion to dismiss the writ of certiorari. The question certified to the Supreme Court on certiorari was:
"Whether as a matter of law a newspaper's action of soliciting away the customers of one of its independent-merchant carriers in order to induce him to comply with the suggested resale price and then terminating sales to him for his continued refusal to agree to comply are in violation of Section 1 of the Sherman Act."
Rule 23, subd. 1(c) of the Supreme Court provides:
"A petition for writ of certiorari shall contain in the order here indicated * * * (c) the questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of the question presented will be deemed to include every subsidiary question fairly comprised therein. Only the questions set forth in the petition or fairly comprised therein will be considered by the court." [Emphasis supplied]
The Supreme Court declined to make a preliminary ruling on respondent's motion[2] and required the parties to argue the case before the Court. The opinion in the case was filed on March 4, 1968. The Court ruled on the question which had been certified, but not on the motion to dismiss the writ of certiorari; in fact, the Court did not even mention that the constitutionality of the treble damage portion of the Clayton Act had been challenged.[3] Respondent then filed *1104 a motion for rehearing, urging that the Court had left undecided its motion to dismiss. On April 8, 1968, the Court summarily overruled both of respondent's motions.[4]
Considering all the circumstances, we must reject intervenor's contention that the Supreme Court decided the constitutional question raised by the Herald Company's motion to dismiss the writ of certiorari. We think it cannot be inferred from the silence of the Supreme Court that it intended to or did rule on the constitutionality of the treble damage section of the Clayton Act.
Thus we reach the question of the substantiality of plaintiff's constitutional question. Plaintiff argues that because it has been tried by a jury and found "not guilty" of a misdemeanor (by virtue of a defendant's verdict), it cannot now be tried a second time for the purpose of determining the amount of damages.
Plaintiff also argues that it will be denied a jury trial if the court is permitted to treble the damages which have been determined by the jury. In short, plaintiff contends that the assessment of treble damages is a punishment within the meaning of criminal law so that plaintiff is entitled to the rights and protections which the Constitution affords to defendants in criminal proceedings, notwithstanding that the Clayton Act characterizes the action as a civil suit for damages to business or property.
Plaintiff's position, expressed in briefs and oral argument, seems to be that merely alleging the unconstitutionality of the Clayton Act in the complaint is sufficient to require the empaneling of a three-judge court in view of the fact that the question has not been decided by the Supreme Court. We cannot agree. Irrespective of any prior decision by the Supreme Court, plaintiff's complaint must raise a substantial constitutional question in order to justify the three-judge court procedure. Siminoff v. Murff, 164 F.Supp. 34 (S.D.N.Y.1958), rev'd on other grounds, Siminoff v. Esperdy, 267 F.2d 705 (2d Cir. 1959).
The Supreme Court has laid down two standards by which the substantiality of a constitutional question may be judged:
"The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject." California Water Service Co. v. City of Redding, supra, 304 U.S. at 255, 58 S.Ct. at 867, 82 L.Ed. 1323.
We think the lack of substantiality in the question presented by plaintiff's complaint is evident under both tests.
First, we note that 15 U.S.C. § 15 is not a new statute, having been enacted in its present form in 1914. The earlier provisions date back to 1890. Yet in spite of the age of the provisions, counsel has not cited, and our research has not disclosed any decision squarely passing on the constitutionality of treble damages. This is not through a dearth of antitrust litigationon the contrary, the books are full of cases. A hasty survey located some sixty opinions of the Supreme Court in treble damage actions, and there are hundreds of reported cases from district courts and courts of appeal.
In addition to the antitrust cases, there have been many cases under 15 U.S.C. § 72, 17 U.S.C. §§ 1 and 101, 35 U.S.C. § 284, 38 U.S.C. § 1822 and 45 U.S.C. § 83, all of which permit treble damage actions for violations of other federal statutes. In the hundreds of cases under these statutes, no one has apparently thought to challenge the constitutionality of treble damages.
This is perhaps attributable to the fact that treble damage suits have a long history in the common law. Treble damage actions originated in England *1105 under Acts of Parliament which permitted such actions in certain instances. Some of the English statutes have become part of the common law of this country. For example, the Statute of Gloucester, 6 Edw. 1, C. 5, provided for the recovery of treble damages against a tenant committing waste. In Sackett v. Sackett, 25 Mass. (8 Pick.) 309 (1829), the Statute of Gloucester was held to have become part of the common law of Massachusetts.
Aside from those actions which have become part of the common law, many of the States have seen fit to provide by statute the awarding of double and treble damages in particular situations. An examination of the statutes of the seven states comprising the Eighth Judicial Circuit discloses some 59 statutes which provide for double or treble damages. We suppose that in all of the States together there are several hundred such statutes.
The propriety of treble damage actions has been accepted for well over a century. The Clayton Act has been enforced in scores and scores of cases in all of the courts in the Federal system. Apparently, litigants have always taken for granted that the Clayton Act was constitutional and thus have not been concerned with the validity of the treble damage provision.
While the constitutionality of treble damages under the antitrust act has not been determined by the Supreme Court, the constitutionality of punitive damages generally is sustained by ample precedent. The first case we have found on the subject is Day v. Woodworth, 54 U.S. (13 How.) 363, 14 L.Ed. 181 (1851). There the Court considered whether or not a jury could enhance the amount of money to be awarded as compensatory damages, and said:
"It is a well-established principle of the common law, that in actions of trespass and all actions on the case for torts, a jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offense. We are aware that the propriety of this doctrine has been questioned by some writers; but if repeated judicial decisions for more than a century are to be received as the best exposition of what the law is, the question will not admit of argument. By the common as well as by statute law, men are often punished for aggravated misconduct of lawless acts, by means of a civil action, and the damages, inflicted by way of penalty or punishment, given to the party injured. In many civil actions, such as libel, slander, seduction, &c., the wrong done to the plaintiff is incapable of being measured by a money standard; and the damages assessed depend on the circumstances, showing the degree of moral turpitude or atrocity of the defendant's conduct, and may properly be termed exemplary or vindictive rather than compensatory." Id., 54 U.S. at 371.
This case was cited with approval in Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). This, of course, was not an antitrust case but a libel suit. However, the court did discuss the question of the validity and the constitutionality of punitive damages, and had this to say:
"Especially in those cases where circumstances outside the publication itself reduce its impact sufficiently to make a compensatory imposition an inordinately light burden, punitive damages serve a wholly legitimate purpose in the protection of individual reputation." Id. 388 U.S. at 161, 87 S.Ct. at 1994.
We cite these authorities not for the purpose of passing upon the constitutionality of the Act (which we may not do), but solely for the purpose of illustrating our reasons for concluding that there is no substantial constitutional question involved which would justify the convening of a three-judge court.
The Motion to Dismiss for want of a substantial constitutional question must therefore be, and is hereby sustained.
NOTES
[1] "Article II:

"Sect. 1: `The executive power shall be vested in a President of the United States of America.'
Sect. 2: `The President * * * shall have power to grant reprieves and pardons for offenses against the United States.'
Sect. 3: `* * * he shall take care that the law be faithfully executed, and shall commission all officers of the United States.'
Amendment IV:
`* * * no warrant shall issue but upon probable cause, supported by oath and affirmation, and particularly describing the place to be searched and the person or thing to be seized.'
Amendment V:
Cl. 2: `* * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *'
Cl. 3: `* * * nor shall be compelled in any criminal case to be a witness against himself * * *'
Cl. 4: `* * * nor be deprived of life, liberty, or property, without due process of law * * *'
Amendment VI:
`In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury * * *'
Amendment VII:
`* * * no fact tried by a jury shall be otherwise reexamined in any Court of the United States than according to the rules of common law.'
Amendment VIII:
`* * * nor [shall] excessive fines [be] imposed, nor cruel and unusual punishment inflicted.'"
[2] On October 9, 1967, the Court said:

"Further consideration of the motion of respondent to dismiss writ of certiorari postponed to the hearing of the case on the merits." 389 U.S. 805, 88 S.Ct. 28, 19 L.Ed.2d 59,
And on October 23, 1967:
"Motion of the respondent to remove this case from the summary calendar is denied." 389 U.S. 910, 88 S.Ct. 230, 19 L.Ed.2d 257.
[3] The order returning the case to the lower court provided:

"The judgment of the Court of Appeals is reversed and the case is remanded to that court for further proceedings consistent with this opinion." 390 U.S. 154, 88 S.Ct. 869, 19 L.Ed.2d 998.
[4] The order simply stated:

"Motion to dismiss writ of certiorari denied. Petition for rehearing denied." 390 U.S. 1018, 88 S.Ct. 1258, 20 L.Ed. 2d 169.