Philip L. **ANDERSON** et al.,
Petitioners,

v.

**INTERNAL REVENUE SERVICE** et al.,
Respondents.

No. 5955.

United States District Court,
D. Wyoming.

March 8, 1974.

---

**1280**

Lowell Anderson, pro se for petitioners.

Daniel Piloseno, Gen. Litigation Section, Tax Div. Dept. of Justice, Washington, D. C., Tosh Suyematsu, Asst. U. S. Atty., Cheyenne, Wyo., and Donald E. Chapin, Casper, Wyo. for respondents.

## JUDGE'S MEMORANDUM

KERR, District Judge.

Plaintiffs in this action have brought suit challenging the validity of a summons issued by an Internal Revenue Service agent pursuant to 26 U.S.C. § 7602. Plaintiffs have requested that a three-judge court be convened to consider their challenges to the constitutionality of the aforementioned statute; to restrain and enjoin compliance with the summons by the plaintiffs' bank and its agents or employees, on whom the summons was served.

The Internal Revenue Service, pursuant to 26 U.S.C. § 7602, issued a summons to co-defendant Hilltop National Bank to make available bank records pertaining to checking accounts of plaintiffs "for the calendar year 1972 and for January 1973". The summons was signed by a Special Agent for the Internal Revenue Service. The bank has not complied due to the initiation of this lawsuit.

Section 7602 provides in part, "For the purpose of . . . determining the liability of any person . . . the Secretary or his delegate is authorized . .

(2) To summon the person liable for tax . . . or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . and to produce such books, papers, records . . . as may be relevant or material to such inquiry . .". Plaintiffs have made no claim that the items sought are not material or relevant to any investigation that might be underway or undertaken. Their challenge is to the validity of the summons issued and to the constitutionality of this action.

"An interlocutory or permanent injunction restraining the enforcement . . . of any Act of Congress . . . shall not be granted . . . unless the application therefor is heard . . . by a district court of three judges . . .". 28 U.S.C. § 2282. It is the purpose of this statute to avoid injudicious invalidation of federal statutes by a single judge. Weir v. United States, 310 F.2d 149 (8th Cir. 1962). But a three-judge court will not be convened on the mere request or the bare assertion of unconstitutionality of a statute. Brown v. Waterproofers Union, 86 F.Supp. 50 (D.C.Cal.1949); Crossen v. Breckenridge, 446 F.2d 833 (6th Cir. 1971); Cheek v. Washington, 311 F. Supp. 965 (D.D.C.1970). This section is technical and is to be strictly construed. Mitchell v. Donovan, 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); Woodward v. Rogers, 344 F.Supp. 974 (D.D.C.1972). When presented with such a request, the Court should determine whether a substantial constitutional question is presented, Gatling v. Butler, 52 F.R.D. 389 (D.C.Conn. 1971); Siminoff v. Murff, 164 F.Supp. 34 (1958) (D.C.N.Y.1958). If point raised in support of allegation of repugnance has been previously determined by Supreme Court question is not substantial. Jasper v. Sawyer, 100 F.Supp. 421 (D.D.C.1951); Acret v. Harwood, D.C., 41 F.Supp. 492 (S.D.Cal.1941). The court in deciding whether a three-judge court should assume jurisdiction, should

recognize the serious drain upon federal judicial system which a three-judge district court entails. Fort v. Mitchell, D. C., 333 F.Supp. 1199 (N.D.Miss.1971). Where injunctive relief is sought, a three-judge court may be convened if there is no statute prohibiting such relief. Frontiero v. Laird, 327 F.Supp. 580 (N.D.Ala.1971). An injunction under this section will not lie where an administrative action and not an act of Congress is assailed. Brown, above.

The general rule is that no suit for the purpose of resisting the assessment or collection of any tax shall be maintained in any court by any person. See 26 U.S.C. § 7421(a); Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958); 9 Merten's Law of Federal Income Taxation § 49.210 (1971). Plaintiff has alleged no "exceptional or extraordinary circumstances", and none appear on the face of the record, to justify an exception to the general rule. See Miller v. Standard Nut Margarine Company, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932).

Plaintiffs complain that the statute under which the summons is issued is invalid. This section, 26 U.S.C. § 7602, has repeatedly been upheld as constitutional. e. g., Hinchcliff v. Clarke, 6. Cir., 371 F.2d 697, cert. den. 387 U.S. 941, 87 S.Ct. 2073, 18 L.Ed.2d 1327 (1967); Donaldson v. United States, 400 U.S. 517, 91 S.Ct. 534, 27 L. Ed.2d 580 (1971); and cases cited therein. Solely on this basis, this complaint would present no substantial question as to the constitutionality of the statute, so as to preclude and obviate the need for a three-judge court. See Siminoff, above, and Jasper, above. Inasmuch as plaintiffs appear pro se, the Court will attend in greater detail to the claims raised than it otherwise might.

Any construction of 26 U.S. C. § 7602 must be broad and liberal, so as to achieve its evident purposes. See Falsone v. United States, 205 F.2d 734 (5th Cir. 1953), cert. den. 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375 (1953). It is not contended and it does not appear that the summons issued herein was onerous or unreasonable, or that it was issued in bad faith. See United States v. Billingsley, 469 F.2d 1208 (10th Cir. 1972). Such a summons cannot be opposed on the basis that potentially incriminating evidence may be divulged, especially where no criminal prosecution has been initiated. See Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). There is no criminal prosecution underway against the plaintiffs. A summons under this section has been approved where "It is likely to lead to civil liability as well as to criminal prosecution". Donaldson, above, 400 U.S. at 532, 91 S.Ct. at 543.

The issuance of the summons herein was an administrative, rather than judicial, action. It is undisputed that a special agent is authorized to issue such a summons in aid of a tax investigation. See Couch v. United States, 409 U.S. 322, 326, 93 S.Ct. 611, 34 L.Ed. 2d 548 (1972). A Court will not enjoin such an administrative act, see Brown, above, especially where its indirect effect would be to inhibit or impede the collection of a tax.

Plaintiffs have also argued that a privilege exists between them and the bank, so that any records held by the bank are privileged under the Fourth and Fifth Amendments. Clearly, the privilege against self-incrimination under the Fifth Amendment is a personal one: it adheres to the person, not to the information that may incriminate him. e. g. Johnson v. United States, 228 U.S. 457, 33 S.Ct. 572, 57 L.Ed. 919 (1913); Murphy v. Waterfront Comm'n., 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). The information sought here is from the bank, not from plaintiffs. Possession of these records is in the hands of the bank. There is no element of personal compulsion. Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918); Couch, above, 409 U.S. at 331, 93 S.Ct. 611. There is no enforced communication from any accused or potential accused.

Although not controlling, it is to be noted that no bank-customer privilege exists under federal law. Nor has such a privilege been upheld under state law. See State v. Hambrick, 65 Wyo. 1, 196 P.2d 661 (Wyo.Sp.Ct.1948). "Nor is there justification for such a privilege where records relevant to income tax returns are involved . . .". Couch, above, 409 U.S. at 355, 93 S.Ct. at 619.

Based on the foregoing, it is clear that no substantial constitutional question exists; that the action complained of was administrative; and that plaintiffs have not carried their burden, for their request for a three-judge court.

The constitutionality of 26 U.S.C. § 7602 has been upheld repeatedly; plaintiffs have an adequate remedy at law in challenging any deficiencies, if such are found to exist; and therefore there appears no claim upon which relief may be granted and for these reasons the complaint should be dismissed.