Fay **ANDERSON** et al., Appellants,

v.

**UNITED STATES of America, Appellee.**

**No. 76–1325.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1977.

Decided Jan. 28, 1977.

George T. Qualley, Sioux City, Iowa, filed brief for appellants.

Evan L. Hultman, U.S. Atty., Sioux City, Iowa, Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Section and Michael L. Paup and Francis J. Gould, Attys. Tax Div., Dept. of Justice, Washington, D.C., filed brief for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Fay Anderson and members of his family seek redress under the Federal Tort Claims Act for invasion of privacy, wiretapping, and damage to business and reputation allegedly resulting from negligent design and implementation of the Internal Revenue Service's Tax Preparer's Program. The district court for the Northern District of Iowa (McManus, C. J.) dismissed the action pursuant to 28 U.S.C. § 2680(a), the so-called discretionary acts exception to the FTCA, and 28 U.S.C. § 2680(h), which bars claims under the FTCA for, among other

things, malicious prosecution, abuse of process, libel, slander, or interference with contract rights. We affirm the order of the district court.

Appellant Fay Anderson is an accountant practicing in LeMars, Iowa. Appellants allege that in February 1973, as part of its Tax Preparer's Program, which was designed to locate dishonest or incompetent tax preparers, two IRS agents visited Anderson's LeMars office and, using false identities and manufactured income and expense statements, secured Anderson's assistance in preparing income tax returns. Anderson alleges that shortly thereafter other IRS agents visited his offices in LeMars and Remsen, Iowa, and, after advising Anderson of his rights and securing his permission, took with them a total of 132 of Anderson's files. The IRS audited the returns in these files and interviewed some of Anderson's clients with respect to these returns. On April 10, 1973, the IRS agent who took Anderson's files arrested Anderson pursuant to an arrest warrant for an alleged violation of § 7206(2) of the Internal Revenue Code, which prohibits willful aiding, assisting, procuring, counseling or advising the preparation of a false or fraudulent tax return. The local news media reported Anderson had been arrested. However, at the preliminary hearing on April 30, 1973, the magistrate dismissed the criminal charges against Anderson.

Anderson then filed suit against the Internal Revenue Service personnel involved in his investigation and arrest. The district court for the Northern District of Iowa dismissed these actions, holding that the IRS agents were acting at all relevant times within the scope of their authority and duties, and therefore that they were immune to suit. *See Anderson v. Langenwalter*, 33 A.F.T.R.2d 74–1099 (N.D.Ia.,

Mar. 22, 1974); *Anderson v. Lindsay*, 33 A.F.T.R.2d 74–1001 (N.D.Ia., Mar. 6, 1974). This court affirmed those decisions in an unreported order, Nos. 74–1496 and 74–1515 (8th Cir., Dec. 30, 1974). Anderson then turned to the Federal Tort Claims Act for relief. This action was filed on September 17, 1975, in the district court for the Northern District of Iowa.[1] The district court, in January 1976, dismissed the action, and the Anderson family brings this appeal.

■ The Andersons advance three theories which they believe are not barred by 28 U.S.C. § 2680(a), the discretionary acts exception to the FTCA. First, they assert that the entire Tax Preparer's Program was unauthorized by statute, and therefore the IRS agents' actions fall outside the discretionary acts doctrine. We reject this argument. The Secretary of the Treasury and his delegate, the Commissioner of Internal Revenue, are authorized to examine books, papers, records and other data which may be relevant to the determination of any person's tax liability or which may be relevant to the accuracy of any tax return. *See* 26 U.S.C. §§ 7602(1), 6213, and 6402. Obviously, the records maintained by Anderson may well have been relevant to the determination of Anderson's customers' tax liabilities. Moreover, 26 U.S.C. § 7206(2), which prohibits aiding or assisting in the preparation of false or fraudulent tax returns, provided more than adequate statutory authorization for the Commissioner's Tax Preparer's project.

■ Appellants' second contention is that the IRS agents acted in excess of their authority in that they violated the agency's own rules regulating the investigation of such cases and the dissemination of information to the public concerning such investigations. Apart from the fact that this allegation appears nowhere in the com-

---

1. We note that the allegations in this action are almost identical to those contained in an action filed by appellants in the district court for the District of Columbia, *Anderson v. United States,* Civ. 75–0542 (D.D.C., Oct. 28, 1975), appeal docketed, No. 76–1060 (D.C.Cir.). The District of Columbia court dismissed Anderson's complaint for improper venue, and also

under 28 U.S.C. §§ 2680(a) and (h). The Government argues in its brief that the District of Columbia litigation bars this action under the doctrine of *res judicata.* Although appellants do not raise it in their brief, we note that the Government did not present this defense to the district court in its motion to dismiss. We, therefore, decline to reach this issue on appeal.

plaint,[2] it is apparent that this allegation was decided adversely to appellant Fay Anderson in his prior actions against the individual IRS agents. In those actions, the district court specifically found that the agents were acting at all relevant times within the scope of their authority and duties. *See Anderson v. Langenwalter, supra; Anderson v. Lindsay, supra.* The plaintiff cannot be allowed to relitigate these allegations yet another time.

Anderson's third and final attempt to escape from the discretionary acts doctrine is the argument that the negligence complained of took place at the operational stage of the Tax Preparer's Program, rather than at the planning stage. With respect to this argument, we find the district court's analysis entirely persuasive:

> [P]laintiffs * * * characterize the alleged negligence as having been committed by officials of the IRS in the establishment and effectuation of its "tax preparers program." Insofar as the complaint alleges such specific acts as unlawful search and seizure, false arrest, and libel, these are not set forth as the direct acts of negligence but as the natural and probable consequences of negligence in formulating the objectives of the program and plans for its implementation. It is the court's view that these actions by IRS officials fall within the planning, as opposed to operational, stage of the program, and are classic examples of the type of decisions wherein policy factors are weighed in making the final judgment.

■ Thus, we are persuaded that appellants' claims are barred by 28 U.S.C. § 2680(a), the discretionary acts exception to the FTCA.

■ We also agree with the district court's conclusion that the claim based upon Fay Anderson's arrest and the attendant publicity and damage to Anderson's reputation is also barred by the express provisions of § 2680(h).[3]

The order of the district court is affirmed.

---

2. The operative facts alleged in the complaint are contained entirely in paragraphs 4 and 5:

4. Prior to February of 1973, the Internal Revenue Service instituted a much publicized program purportedly designed to crack down on fraudulent tax preparers. The establishment and effectuation of the program was left to subordinate officials and agents of the Commissioner of Internal Revenue. Such subordinate officials were negligent in the directives and instructions given to the agents in the field.

5. As a result, plaintiff, Fay Anderson, was subjected to unconstitutional invasion of his right of privacy, wiretapping, surveillance by Internal Revenue agents, unconstitutional search and seizure, arrest without probable cause and widespread adverse newspaper, radio and television publicity.

3. On March 16, 1974, the following proviso was added to 28 U.S.C. § 2680(h):

*Provided,* That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law. We need not consider the implications of this amendment, because the actions complained of here took place in 1973, before the proviso was enacted.