## JOHNSON *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 715. Argued April 11, 1913.—Decided April 28, 1913.

Courts proceed step by step. *Matter of Harris*, 221 U. S. 274, estab-
lished simply that the transfer of books of the bankrupt to the trustee
could be required, and left undetermined the question of use to which
the books could be put.

A party is privileged from producing his books in a prosecution against
himself but is not privileged from their production.

A criminal cannot protect himself by getting the legal title to corporate
books. *Wheeler* v. *United States*, 226 U. S. 478.

The production of a documentary confession by a third person, into
whose hands it has come *alio intuitu*, does not compel the witness to
be a witness against himself in violation of the Fifth Amendment.

On appeal from a conviction, where there is evidence tending to support
the finding and no certificate that all the evidence is in the record,
this court is not warranted in declaring, as matter of law, that the
Government did not make out a case.

THE facts are stated in the opinion.

Mr. *Edward J. Fox*, with whom Mr. *Robert A. Stotz* and
Mr. *James W. Fox* were on the brief, for plaintiff in error.

Mr. *Assistant Attorney General Harr*, with whom Mr.
*Solicitor General Bullitt* was on the brief, for the United
States.

Mr. Justice Holmes delivered the opinion of the court.

This is an indictment for concealing money from the defendant's trustee in bankruptcy. The defendant was convicted and sentenced subject to exceptions which raised in different forms the questions whether his books properly were admitted against him and whether the evidence warranted the verdict.

On the first point the facts are simply that the books had been transferred to the trustee in accordance with § 70 of the Bankruptcy Act of July 1, 1898, 30 Stat. 544, c. 541, and were produced before the grand jury and before the petit jury at the trial. That the transfer lawfully could be required is established by *Matter of Harris*, 221 U. S. 274. But the defendant lays hold of an expression in that case, 'the properly careful provision to protect him from use of the books in aid of prosecution,' as an intimation that the books could not be put to such a use.

Courts proceed step by step. And we now have to consider whether the cautious statement in the former case marked the limit of the law in a case where no rights, if there were any, were saved when the books were transferred. The answer was implied in that decision. A party is privileged from producing the evidence but not from its production. The transfer by bankruptcy is no different from a transfer by execution of a volume with a confession written on the fly leaf. It is held that a criminal cannot protect himself by getting the legal title to corporate books. *Wheeler* v. *United States*, 226 U. S. 478. But the converse proposition is by no means true, that he may keep the protection from the introduction of documentary evidence that he would have had while he retained it, after the title and possession have gone to some one else.

It is true that the transfer of the books may have been

against the defendant's will, but it is compelled by the law as a necessary incident to the distribution of his property, not in order to obtain criminal evidence against him. Of course a man cannot protect his property from being used to pay his debts by attaching to it a disclosure of crime. If the documentary confession comes to a third hand *alio intuitu*, as this did, the use of it in court does not compel the defendant to be a witness against himself.

As to the question of evidence, it is enough to say that there was evidence tending as far as it went to show that the defendant foresaw what was coming and attempted to save something from the wreck. There is no certificate that all the evidence is before us, and we should not be warranted in declaring as matter of law that the Government did not make out a case. See *Seigel* v. *Cartel*, 164 Fed. Rep. 691.

*Judgment affirmed.*