### FULLER v. UNITED STATES.

Circuit Court of Appeals, Second Circuit. April 1, 1929.

No. 321.

defendant when it was subpœnaed, it was a book which had to do wholly with corporate matters, and the evidence it contained which tended to incriminate the respondent was in the book solely because it was a part of the records of the corporation. The defendant asks us in effect to disregard the existence of the corporation, and treat this ledger as if it were only his own private book. This would enable him to make use of the corporation in carrying out his plan to defraud, and, when brought to trial, relieve him of the consequences of the means he himself had chosen to further his scheme, and, upon the theory that he was the corporation, and that it had no existence whatsoever apart from him, procure the exclusion of the evidence tending to show what he had done.

The defendant rests his claim of error in the admission of this book mainly on the authority of Boyd v. United States, 116 U. S. 633, 6 S. Ct. 524, 29 L. Ed. 746. In doing so he overlooks entirely the fact that the book was not his, that it belonged to the corporation, and that his possession of it was for, and in the right of, the corporation in his capacity as its treasurer. He ignores all the duties to the corporation he voluntarily assumed when he became its treasurer, and puts his claim of privilege upon his physical possession of the ledger. That such claim is untenable is shown by the case of Wilson v. U. S., 221 U. S. 361, 31 S. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558, and we deem the question no longer open to debate.

The books and papers of the French Franc Pool, the American Central European Syndicate, and the United States Power Syndicate stand differently. They belonged to the defendant himself, who was doing business under these names. They were themselves nothing but names.

■ All of these books and papers, however, were in the possession of the Attorney General of New York when they were taken by the government on subpœna. The privilege of the defendant was not broad enough to protect him from the production by others of his private books or papers, when they were found in the possession of a third party; but only prevented the voluntary production of them by himself while he had the custody of them. Johnson v. United States, 228 U. S. 457, 33 S. Ct. 572, 57 L. Ed. 919, 47 L. R. A. (N. S.) 263. See, also, Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159, and Schenck v. U. S., 249 U. S. 47, 39 S. Ct. 247, 63 L. Ed. 470.

Judgment affirmed.

Edgar F. Hazleton, of Jamaica, N. Y., for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Radcliffe Swinerton and Elbridge Gerry, Sp. Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). ■ Although the ledger of the New England Tobacco Company may be treated as having been in the possession of the