## In re SUBPOENA DUCES TECUM.

### No. 6895.

United States District Court
N. D. California, S. D.

Nov. 29, 1948.

J. Thaddeus Cline, of San Francisco, Cal., for Lester O. Casperson, Russell K. Casperson, Harold O. Casperson, Miriam C. Becker, Joseph S. Wetten, and Elmer G. Casperson.

Wallace Howland, Sp. Asst. to Atty. Gen., Antitrust Division, Department of Justice, for respondent.

GOODMAN, District Judge.

On October 29, 1948, the Antitrust Division of the Department of Justice caused a subpoena duces tecum to be issued, returnable on November 10, 1948, before the Grand Jury of this District, directed to "Elmer Casperson, a partner in O. Casperson & Sons, 340 Ninth Street, San Francisco, California" and requiring him to bring with him certain specified records and communications "exchanged by and passing between the addressee of this subpoena and employees and agents thereof" and certain designated persons and organizations concerning certain designated subjects. The return date of the subpoena has been postponed by order of Court.

On November 15, 1948, Lester O. Casperson, Russell K. Casperson, Harold O. Casperson, Miriam C. Becker, Joseph S. Metten and Elmer G. Casperson, alleging themselves to be copartners doing business as "O. Casperson & Sons," moved this Court to quash the subpoena. The ground of the motion is that the documents described in the subpoena constitute the private papers and property of each of the partners and that their production will be violative of the movants' rights under the Fourth Amendment to the Constitution. It is also claimed that the movants' protection against self incrimination, Amendment V, will be violated.

It is obvious, and it was not denied at the hearing upon the motion, that the subpoena, directed as it was to one of the partners of a partnership, is an adroit maneuver of the Antitrust Division to avoid subpoenaing all of the partners and

thus to close the door to their possible claim to immunity, 15 U.S.C.A. § 32,[1] and against self incrimination. Constitution Amendment V. The partner subpoenaed can of course personally claim the benefit of 15 U.S.C.A. § 32 before the Grand Jury. United States v. Lay Fish Co., D.C. 13 F.2d 136. But the partners not subpoenaed will not have the opportunity to personally claim immunity as to the records if they are produced by the subpoenaed partner. And if the records are the private property of the other partners as well as of the subpoenaed partner, then their right under the Fourth Amendment "to be secure in their * * * papers, and effects, against unreasonable searches and seizures" may be violated.

There is also no doubt that the Antitrust Division seeks the information contained in the subpoenaed records as evidence against the members of the partnership. If the evidence were sought only as against others than the partners, the Antitrust Division would indeed not have hesitated to direct the subpoena to all the partners. In that event all of the movants would have the benefit of 15 U.S.C.A. § 32 and the Fourth and Fifth Amendments. It is clear therefore that the prosecuting officers are seeking from the subpoenaed partner evidence against all of the movants.

■ I am satisfied that movants, other than Elmer Casperson, are ineligible to claim either immunity under 15 U.S.C.A. § 32 or the privilege against self incrimination guaranteed by the Fifth Amendment. Such claims are the personal privileges of a person, who, under compulsion, is required to be a witness against himself in a criminal case. Hale v. Henkel, supra., United States v. White, 332 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542, 152 A.L.R. 1202. They may be advantaged only by the person who gives or is to give testimony or produce documents. Johnson v. United States, 228 U.S. 457, 458, 33 S.Ct. 572, 57 L.Ed. 919, 47 L.R.A.,N.S., 263.

Whether the subpoena to Elmer Casperson works an unreasonable search or sei-

zure of private papers of the other movants contrary to the Fourth Amendment, presents a different and more difficult problem. Its solution depends upon the true nature of the partnership relation or status.

Since the oft quoted case of Hale v. Henkel, supra, was decided in 1906, organizations such as corporations have been held to be ineligible to claim the benefits of immunity or of the Fourth and Fifth Amendments. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558.

In United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542, 152 A.L.R. 1202 such ineligibility was extended to unincorporated organizations such as labor unions. The rationale of Hale v. Henkel, supra, and the cases which follow it, is that since Constitutional and immunity privileges are purely personal, they cannot be claimed by a corporation or association which has "a character so impersonal in the scope of its membership and activities that it cannot be said to embody or represent the purely private or personal interests of its constituents, but rather to embody their common or group interests only." United States v. White, supra, 322 U.S. at page 701, 64 S.Ct. at page 1252.

Do the members of the partnership of "O. Casperson & Sons" fall into this category of ineligibles?

In Haywood v. United States, 7 Cir., 268 F. 795, certiorari denied 256 U.S. 689, 41 S.Ct. 449, 65 L.Ed. 1172, the Seventh Circuit in 1920, had before it the claim of the Independent Workers of the World (I.W.W.) to have its seized papers returned upon the ground that it was a partnership. The Court, assuming that such contention might be good, if true, held the I.W.W. not to be a partnership, but an organization disqualified to claim privilege under the doctrine of Hale v. Henkel, supra, and Wilson v. United States, supra. Other than this oblique treatment, the precise issue has not been adjudicated.

■ In general, it may be properly said that each partner in a partnership is a co-

1 15 U.S.C.A. § 32 grants immunity to witnesses supoenaed and testifying in proceedings under the Antitrust laws. United States v. Monia, 317 U.S. 424, 63 S. Ct. 409, 87 L.Ed. 376. It has been held to apply to Grand Jury proceedings. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652.

owner of all partnership property with equal rights of possession and with *no other* power of possession without the consent of the other partners. 47 C.J. 783; § 2419, Civil Code of California. While ownership and possession is shared, it is none the less personal. It cannot be denied that the records here subpoenaed are the common personal papers of the partners.

It is contended by the Government, in effect, that the partnership is an association or entity of the association type and that the partners, in creating it, relinquished their several sole and exclusive rights to severally possess its property and papers. It is further contended that by the creation of the partnership, each partner has put it within the power of the other partners to have possession and control of the partnership records, thus disabling himself from the benefits of the Fourth Amendment. The partnership is a collective group, the Government says, which by pooling separate individual financial resources, acquires an economic power not previously possessed by the partners individually.

But the *"right of the people* to be secure in their persons, houses, papers, and effects" is recognized and protected by the Fourth Amendment. While the right is personal, it is not so limited that more than *one* person may not exercise it with respect to the same papers or effects. It is only when a group or association of persons is "so impersonal in the scope of its membership and activities that it cannot * * * · represent the purely private or personal interests of its constituents," that the right is unavailable.

I am of the opinion that the doctrine of United States v. White, supra, cannot be extended to the members of a partnership such as "O. Casperson & Sons," whose only purpose is to conduct the personal business of the partners and to divide and share their profits and losses for their mutual benefit and protection.

It may be that some partnerships, which have a large number of partners, perhaps special or limited as well as general, might, as well, take on the habilaments of an association or corporation.

But certainly this small family partnership does not reach such a stature. The nature of this partnership is not of the kind that the partners' ownership of their own papers in common, is any less personal than suffices to bring them under the protection of the Fourth Amendment. They have not disabled themselves from claiming the rights guaranteed by the Fourth Amendment.

The motion to quash the subpoena is granted.