LABORDE, Judge.
This is a suit for an injunction authorized by LSA-R.S. 40:2297 of the Meat and Poultry Inspection Act. The Commissioner of Agriculture (Commissioner) filed suit to enjoin Alcide Fontenot, d/b/a Alcide Fonten-ot Slaughter House, from the continued operation of his slaughterhouse in violation of the Meat and Poultry Inspection Act, LSA-R.S. 40:2271 et seq. From a judgment granting the injunction, defendant suspen-sively appeals. For the reasons which follow, we affirm.
The issues raised on appeal are:
(1) Did the petition contain sufficient allegations of fact?
(2) Is an adjudicatory hearing a condition precedent to the Commissioner’s seeking an injunction under LSA-R.S. 40:2297?
(3) Were defendant’s Sixth Amendment (right to a jury trial) and Fifth Amendment (right against self-incrimination) rights violated?
(4) Were defendant’s procedural due process rights violated?
The commissioner filed suit on August 17, 1981, seeking a temporary restraining order and preliminary and permanent injunction against Mr. Fontenot’s continued operation of his slaughterhouse in violation of the Meat and Poultry Inspection Act. Several exhibits, including, a transcript of a previous Adjudicatory Hearing involving Mr. Fon-tenot’s operations, were attached to the petition and on the strength of the petition and exhibits, the trial court issued the temporary restraining order and set hearing on the preliminary injunction for August 26, 1981.
At the initial hearing, Mr. Fontenot filed certain motions and exceptions seeking the following: exclusion of evidence adduced at the Adjudicatory Hearing; dissolution of the temporary restraining order; a jury trial claiming that the proceeding against him was in the nature of a criminal proceeding; and dismissal of the Commissioner’s petition for failure to set forth facts sufficient to state a cause of action. On that date, the temporary restraining order dissolved on its own right, the judge in his discretion having refused to extend it.
At the second hearing, the trial court ruled adversely to Mr. Fontenot on all motions and exceptions, but expressed some concern, due to the statutory scheme of the Meat and Poultry Inspection Act, over Mr. Fontenot’s Fifth Amendment right against self-incrimination. At this juncture, as plaintiff was preparing to commence the presentation of evidence, counsel for Mr. Fontenot called for a recess. Mr. Fonten-ot’s counsel indicated he would stipulate that sufficient facts existed to sustain the issuance of a preliminary injunction but would immediately seek a suspensive appeal. The lower court granted the preliminary injunction and allowed Mr. Fontenot to appeal suspensively.
We begin with the issue of whether the petition alleged sufficient facts to state a cause of action.
In Louisiana, liberal rules of. pleading prevail. Each pleading should be so construed as to do substantial justice to the parties. LSA-C.C.P. art. 865. When the court can reasonably do so, it will maintain a petition so as to afford the litigant an opportunity to present his evidence. Pence v. Ketchum, 326 So.2d 831 (La.1976); and authorities cited therein.
In ruling upon the exception of no cause of action, all well-pleaded facts in the petition must be taken as true, and, if the allegations set forth a cause of action, the exception must be overruled. Eschete v. *713 City of New Orleans, 258 La. 134, 245 So.2d 383 (1971); Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961).
In Elliott v. Dupuy, the court stated:
“It is well settled that an exception of no cause of action addresses itself to the sufficiency in law of the petition and is triable on the face of the papers; that for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true, and that a suit will not be dismissed on exception of no cause of action if allegations of fact set forth a cause of action as to any part of the demand.”
I i the instant case, the Commissioner seeks to enjoin Mr. Fontenot’s contumacious operation of his slaughterhouse in violation of the Meat and Poultry Inspection Act, supra. The original petition alleged in paragraph 2 that Mr. Fontenot was licensed to operate a slaughterhouse; in paragraph 7 that he had failed or refused to comply with regulations governing sanitation; in paragraph 8 that he was informed of regulatory deficiencies; in paragraph 9 that he agreed to correct certain deficiencies; in paragraph 10 that despite an extension of time Mr. Fontenot failed to correct all the deficiencies; in paragraph 18 that he was informed of the withdrawal of inspection services at his slaughterhouse; and in paragraph 19 that despite suspension of his authority to operate an inspected facility, Mr. Fontenot was continuing to operate his slaughterhouse. In the amended petition, it was alleged in paragraph 22 that Mr. Fon-tenot had operated the slaughterhouse in an unsanitary condition for 10 years, and in paragraph 23 that he was continuing to operate the slaughterhouse without a license to do so. In addition, attached to and made a part of the petition were copies of various documents detailing the specific unsanitary conditions.[1]
The lower court overruled the exception stating, “I think you were adequately notified by the proceeding what the nature of the proceeding is.”
The Commissioner’s action is based upon the Meat and Poultry Inspection Act. LSA-R.S. 40:2271 et seq. The Commissioner’s petition informed Mr. Fontenot that pursuant to this Act, he must defend an injunction against operating without a license and under unsanitary conditions. In fact, during the second hearing on the preliminary injunction, counsel for Mr. Fonten-ot went so far as to stipulate that the facts would be sufficient for the issuance of an injunction without the necessity of presenting evidence. Under these circumstances, we see no reason to disturb the lower court’s overruling of Mr. Fontenot’s exception of no cause of action, and so hold.
We next concern ourselves with whether the Commissioner is entitled to seek an injunction under LSA-R.S. 40:2297.
Mr. Fontenot argues that the action for injunctive relief must be dismissed because an adjudicatory hearing is a condition precedent to seeking injunctive relief under 40:2297 and.since the transcript of the adjudicatory hearing was withdrawn as an exhibit, this condition precedent was not met.
LSA-R.S. 40:2297(C), provides:
“C. The commissioner is hereby authorized to petition any court of competent jurisdiction for writs of mandamus, commanding any person, firm or corporation to comply with the provisions of this *714 Chapter or any order or regulation of the commissioner authorized by said Chapter, and/or for writ of injunction, restraining and enjoining any person, firm or corporation from violating this statute or any regulations promulgated by the commissioner pursuant to said statute.” (Emphasis supplied)
Nowhere does the act contain any requirement for an adjudicatory hearing as a condition precedent to initiating such an action. For this reason, Mr. Fontenot’s argument to the contrary lacks merit.
We next consider whether Mr. Fon-tenot’s Sixth Amendment right to a jury trial was violated.
LSA-C.C.P. art. 1733(3) is specific authority for the denial of trial by jury in a suit for injunction. Notwithstanding this article, Mr. Fontenot, in brief, contends that, “. . . the only sanctions provided for against Alcide Fontenot are criminal ones contained in LSA-R.S. 40:2296 ...” He continues, “and that, your Honors, is the reason why Fontenot cannot be tried by a Judge alone in a civil proceeding. The sanctions against him are criminal ones— not civil ones, and the United States Constitution (Sixth Amendment) says he is entitled to be tried before a jury — not before a judge alone.” (Appellant’s Brief p. 12) In support of his contention, Mr. Fontenot relies on Louisiana Livestock Sanitary Board v. Johnson, 372 So.2d 585 (La.App. 3rd Cir. 1979), writ denied 373 So.2d 967 (La.1979).
While it may be true that LSA-R.S. 40:2296 of the Meat and Poultry Inspection Act provides criminal penalties, appellant overlooks the fact that the act is a multifaceted one and that the Commissioner is not proceeding under Section 2296 but is instead proceeding under Sub-paragraph C of Section 2297. Sub-paragraph C of Section 2297 authorizes the Commissioner to petition the court for writs of injunction enjoining any person subject to the statute from violating same. This Sub-paragraph C was added by Act 615 of the Regular Session of 1970, where, in the preamble to the Act, it is stated that the purpose of the Act is, “. . . to provide penalties for violations, injunctive relief and other enforcement proceedings; ...” Thus, we view the statutory scheme as providing for criminal penalties under the appropriate factual situation, civil injunctive relief under the proper circumstances, and other enforcement provisions, again, under the proper circumstances. Our review of the record convinces us that the proper circumstances existed to warrant the Commissioner’s proceeding under Sub-paragraph C of Section 2297. Mr. Fontenot’s argument that Section 2296 provides criminal penalties and thus entitles him to a jury trial, while it may be a correct statement of the law, does not conform to the facts of the instant case. For that reason, the argument lacks merit. Mr. Fontenot’s reliance on the Johnson case is likewise misplaced. The language in Johnson concerning the right to a trial by jury was expressly directed to a situation where the penalties to be imposed were found to be criminal. That not being the case here, Johnson has no application.
To recap, the Commissioner’s only request in the present case is for an injunction as allowed by LSA-R.S. 40:2297 C. This is a strictly civil remedy. Moreover, the Code of Civil Procedure specifically directs that there shall be no trial by jury in an injunction proceeding. Hence, Mr. Fontenot’s contention that his Sixth Amendment rights were violated lacks merit.
Mr. Fontenot next argues that his Fifth Amendment right against self-incrimination was violated. In support of this argument, he claims that if he, “would have testified in the civil case, then his testimony could have been used against him on the criminal side of the Court should the Commissioner decide to institute criminal proceedings against him which can undisput-ably be done under LSA-R.S. 40:2296....” (Appellant’s Brief p. 13).
The defendant undoubtedly had the right to assert his Fifth Amendment privilege against self-incrimination if he had taken the stand and testified in the trial court. However, the Fifth Amendment privilege is personal to those entitled *715 to invoke it, and does not extend to the testimony of third parties called as witnesses at trial, United States v. Nobles (1975), 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141, on remand 522 F.2d 1274; Schmerber v. State of California (1966), 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. As Justice Holmes remarked in Johnson v. United States, 228 U.S. 457, 458, 33 S.Ct. 572, 57 L.Ed. 919 (1913), “A party is privileged from producing the evidence but not from its production.” The Fifth Amendment privilege adheres to the person, not to information that may incriminate him. Andresen v. Maryland, 427 U.S. 463, 475, 96 S.Ct. 2737, 2745, 49 L.Ed.2d 627, (1976), Couch v. United States, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). Thus this defendant cannot use the privilege personal to him to block the presentation of adverse evidence through third person witnesses.
The defendant may very well have pressure to testify in order to defend himself in this action, at the risk of having his statements used against him in a possible future criminal prosecution. However, the “mere massing of evidence against a defendant cannot be regarded as a violation of his privilege against self-incrimination.” Barnes v. United States, 93 S.Ct. 2357, 2363, 412 U.S. 837, 847, 37 L.Ed.2d 380 (1973). Before there can be a violation of the Fifth Amendment, three conditions must be met.
(1) The compulsion. ..
(2) of a testimonial communication.. .
(3) that is incriminating.
If any of these conditions is not met, compelled self-incrimination within the Fifth Amendment is not at stake. United States v. Authement, 607 F.2d 1129 (5th Cir. 1979). The defendant chose not to testify in the lower court; therefore, there was no communication on his part, much less one that was compelled or incriminating. If he chooses to testify, he may assert the privilege to any question, the answer to which may tend to incriminate him. Thereafter incriminating testimony from the witness waives the privilege. The privilege against self-incrimination protects a party from compulsion, not from the use of evidence which, although incriminating, is obtained from another source or from him after waiver of the privilege. This argument of Mr. Fontenot lacks merit.
Mr. Fontenot’s final argument is that his procedural due process rights were violated in an Adjudicatory Hearing held prior to and independently of the present suit for injunction.
LSA-R.S. 49:964 provides that proceedings for judicial review of an administrative hearing may be instituted by filing a petition within 30 days of the mailing of notice of the final decision of the agency. R.S. 49:964 subpart G specifically authorizes judicial review of final decisions of the agency, and authorizes the court to reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative decision was in violation of constitutional or statutory provisions, or made upon unlawful procedure such as a denial of due process.
The defendant did not avail himself of subpart G by filing a petition within 30 days of the mailing of notice of the decision made by the Department of Agriculture. Therefore, the decision of that administrative agency is final, and the defendant is precluded from raising any due process infirmity in the administrative hearing. The fact that judicial review of the administrative hearing was available to the defendant satisfied due process. Anderson v. State, 363 So.2d 728 (La.App. 2nd Cir. 1978). He may not attack here collaterally what he cannot do directly, thus Mr. Fontenot’s argument lacks merit.
For the above reasons, the judgment appealed from is affirmed. All costs of appeal are assessed against defendant-appellant.
AFFIRMED.

. Since the original petition sought, in addition to an injunction, an ex parte temporary restraining order, these documents, attested to by a sworn affidavit, were attached as exhibits to establish plaintiff’s entitlement to the temporary restraining order. See LSA-C.C.P. art. 3603. At the conclusion of the first hearing on the request for a preliminary injunction, held on August 26, 1981, the judge ruled that the hearing would be re-set for September 8, 1981, and that the temporary restraining order would be allowed to expire without being extended. In light of this, the exhibits were no longer necessary as support for the temporary restraining order. Moreover, since the issuance of a preliminary injunction may be tried by proof as in ordinary issues, LSA-C.C.P. art. 3609, the exhibits were withdrawn as superfluous at that point. Nevertheless, Mr. Fontenot was served with the original petition and had notice of the full details of its exhibits.