**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**James Othel BORUFF,
Defendant–Appellee.**

No. 88–1347.

United States Court of Appeals,
Fifth Circuit.

April 21, 1989.

Opinion on Denial of Rehearing
June 8, 1989.

LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., James Blankinship, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., Austin, Tex., for plaintiff-appellant.

Robert Ritchie, Knoxville, Tenn., for defendant-appellee.

Michael Salnick, West Palm Beach, Fla., for amicus curiae Nat. Ass'n of Criminal Defense Lawyers.

Before RUBIN, POLITZ, and JOHNSON, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge: .

We hold that the government may call to testify at trial a third-party witness called by the defendant at a pretrial suppression hearing whose testimony at that hearing was favorable to the defendant's motion to establish standing and whose identity was not previously known to the government, but whose testimony to the same effect at trial inculpated the defendant.

## I.

On July 9, 1985, James Boruff, accompanied by Russell Taylor, purchased a Chevrolet pickup truck from Ken Howell, a salesman at Jack Sherman Chevrolet in Midland, Texas. Boruff deposited $2,000 with Howell, and paid the balance with cashier's checks bearing Taylor's name but purchased by Boruff. Boruff registered the truck in Taylor's name.

Several days after the purchase, Boruff drove the truck to Knoxville, Tennessee,

where he bought a black camper top for the back of the truck, and also installed a grill and bumper guard, fog lights, running lights, and a CB radio. In August, Boruff paid for himself and Taylor to fly to Dallas, Texas, to obtain a driver's license for Taylor and insurance for the truck. From Dallas, Boruff telephoned Howell requesting that Howell mail to him by Federal Express the truck's permanent license plates in order to expedite the insurance application. Boruff later reimbursed Howell for this expense. Boruff had the truck licensed and insured in Taylor's name.

In November, Taylor was driving the pickup on Highway 385 near Big Bend National Park, sixty miles from the Mexican–American border, when border patrol agents stopped him and searched the truck. Upon finding 591 pounds of marijuana in the truck, the police arrested Taylor and Boruff, who had been driving a white Lincoln Continental Town Car in tandem with the truck. Both men were indicted for possessing more than 50 kilograms of marijuana with intent to distribute,[1] and for conspiring to possess marijuana with intent to distribute.[2]

## II.

Boruff and Taylor filed pretrial motions to suppress the evidence obtained as a result of the stop of the pickup truck. The district court ruled that the stop and search of the pickup truck was illegal, that the evidence obtained as a result of it was inadmissible, and that it could not, therefore, be used to convict Taylor or Boruff. This court affirmed the district court's decision with regard to Taylor,[3] and the government subsequently dismissed the indictment against him. We held, however, that on the record before us, Boruff lacked standing to challenge the stop of the truck

and, therefore, reversed the district court's suppression order as it pertained to him.

On remand, in response to Boruff's motion seeking to establish his standing to challenge the search of the pickup truck and seizure of the marijuana, the district court held an evidentiary hearing. Boruff testified at the hearing that he had purchased, and therefore owned, the truck that Taylor was driving on November 22. To corroborate this testimony, Boruff called three witnesses, including Ken Howell who testified about the transaction at the Jack Sherman Chevrolet dealership. The district court nonetheless held that Boruff lacked standing to contest the search and seizure.

Prior to jury selection, the government announced its intention to call Howell to testify at trial. Relying on *Simmons v. United States*,[4] Boruff moved to suppress this testimony, claiming that he had presented the witness at the pretrial hearing exclusively to establish his standing to contest the search of the vehicle. Granting Boruff's motion, the district court prohibited the government from calling Howell as a trial witness or using the transcript of his prior testimony. The government contends that *Simmons* bars it only from using the defendant's personal pretrial testimony, not testimony by a third party, and appeals the interlocutory ruling.

## III.

In *Simmons v. United States*, the Supreme Court held

when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection.[5]

1. 21 U.S.C. § 841(a)(1).

2. 21 U.S.C. § 846.

3. *United States v. Boruff and Taylor*, 818 F.2d 863 (5th Cir.1987).

4. 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

5. *Simmons*, 390 U.S. at 394, 88 S.Ct. at 976. *Cf. United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), *overruling in part*, *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

As is the case when the government grants use and derivative-use immunity,[6] the government may not use the defendant's testimony either directly as evidence or indirectly as an investigatory lead.[7] Upon objection, the government "has an affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony."[8]

▮ Simmons would, of course, bar the government from calling Howell at trial if it had learned of him solely from Boruff's testimony at the suppression hearing.[9] The question is whether the government may call Howell to testify at trial to repeat *his own* testimony at the suppression hearing when it had learned of his existence only as a result of Boruff having adduced his testimony.

The Supreme Court, in *United States v. Salvucci*,[10] stated that it has "not resolved ... the proper breadth of the *Simmons* privilege."[11] On various occasions, we have considered whether *Simmons* bars the government from using at trial a defendant's testimony from other pretrial hearings, such as hearings to suppress an allegedly involuntary confession,[12] to determine competency to stand trial,[13] to establish indigency,[14] and to set bail.[15] We have also reviewed whether the government may use the defendant's pretrial testimony for purposes other than to establish guilt, such as impeachment[16] and sentencing.[17] We have never considered, however, whether the protection afforded the defendant under *Simmons* shields from government use the witnesses who testify on his behalf.

*Simmons* rests on the premise that it is "intolerable" for a defendant to be forced to surrender "one constitutional right"— his Fifth Amendment right against self-incrimination—"in order to assert another"— his Fourth Amendment right not to be subject to unreasonable searches and seizures.[18] A defendant's Fifth Amendment right against self-incrimination, however, like other constitutional rights,[19] is "a purely personal right" that cannot be vicariously asserted.[20] Just as the police's violation of Taylor's Fourth Amendment right to be free from unreasonable searches and seizures does not preclude the government from pursuing its indictment against Boruff,[21] so Boruff's Fifth Amendment right against self-incrimination shields only his testimony and those other matters covered

**6.** 18 U.S.C. § 6002.

**7.** *Kastigar v. United States,* 406 U.S. 441, 460, 92 S.Ct. 1653, 1664–65, 32 L.Ed.2d 212 (1972).

**8.** *Ibid.,* 406 U.S. at 460, 92 S.Ct. at 1665.

**9.** *Simmons,* 390 U.S. at 394, 88 S.Ct. at 976; *United States v. Butts,* 729 F.2d 1514, 1519 note * (5th Cir.) (en banc), *cert. denied,* 469 U.S. 855, 105 S.Ct. 181, 83 L.Ed.2d 115 (1984); *United States v. Charles,* 738 F.2d 686, 698 (5th Cir. 1984).

**10.** 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

**11.** *Salvucci,* 448 U.S. at 94, 100 S.Ct. at 2554.

**12.** *United States v. Harrison,* 461 F.2d 1127 (5th Cir.), *cert. denied,* 409 U.S. 884, 93 S.Ct. 174, 34 L.Ed.2d 140 (1972).

**13.** *Pedrero v. Wainwright,* 590 F.2d 1383 (5th Cir.), *cert. denied,* 444 U.S. 943, 100 S.Ct. 299, 62 L.Ed.2d 310 (1979).

**14.** *Davis v. Wainwright,* 342 F.Supp. 39 (M.D. Fla.1971), *aff'd,* 469 F.2d 1405 (5th Cir.1972). *Cf. United States v. Kahan,* 415 U.S. 239, 94 S.Ct. 1179, 39 L.Ed.2d 297 (1974).

**15.** *United States v. Dohm,* 618 F.2d 1169 (5th Cir.1980) (en banc); *United States v. Dohm,* 597 F.2d 535 (5th Cir.1979).

**16.** *See Butts,* 729 F.2d at 1519 note *; *United States v. Gomez–Diaz,* 712 F.2d 949, 951 n. 1 (5th Cir.1983), *cert. denied,* 464 U.S. 1051, 104 S.Ct. 731, 79 L.Ed.2d 191 (1984). *Cf. Salvucci,* 448 U.S. at 93 n. 8, 100 S.Ct. at 2554 n. 8.

**17.** *United States v. Hernandez Camacho,* 779 F.2d 227 (5th Cir.1985), *cert. denied,* 476 U.S. 1119, 106 S.Ct. 1981, 90 L.Ed.2d 664 (1986).

**18.** *Simmons,* 88 S.Ct. at 976; *see* Note, Resolving Tensions Between Constitutional Rights: Use Immunity in Concurrent or Related Proceedings, 76 Col.L.R. 674 (1976).

**19.** *See e.g., Alderman v. United States,* 394 U.S. 165, 174, 89 S.Ct. 961, 966–67, 22 L.Ed.2d 176 (1969); *Hampton v. United States,* 425 U.S. 484, 490–91, 96 S.Ct. 1646, 1650, 48 L.Ed.2d 113 (1976).

**20.** *Rakas v. Illinois,* 439 U.S. 128, 140, 99 S.Ct. 421, 428–29 n. 8, 58 L.Ed.2d 387 (1978); *see Bellis v. United States,* 417 U.S. 85, 89–90, 94 S.Ct. 2179, 2183–84, 40 L.Ed.2d 678 (1974); *Couch v. United States,* 409 U.S. 322, 328, 93 S.Ct. 611, 615–16, 34 L.Ed.2d 548 (1973); *United States v. White,* 322 U.S. 694, 699, 64 S.Ct. 1248, 1251, 88 L.Ed.2d 1542 (1944).

**21.** *See Salvucci, supra.*

by the Fifth Amendment privilege, such as personal documents in his possession.[22] Boruff's Fifth Amendment right against self-incrimination is, therefore, not implicated when other individuals testify against him.

That Howell in fact testified at the pretrial hearing, permitting the government to learn both of his existence and his possible testimony, is the evidence that satisfies the government's burden: to prove that Howell's testimony had been "derived from a legitimate source wholly independent of the [defendant's] compelled testimony."[23] While a defendant's decision to call third-parties to corroborate his testimony at a suppression hearing might be affected by his knowledge that the government may subsequently utilize that testimony at trial, "this dilemma ... does not rise to the level of a constitutional problem."[24] Boruff was never forced to, nor did he, surrender his constitutional rights: he exercised his Fourth Amendment right to challenge an allegedly unreasonable search and seizure, and the government did not seek to use his own testimony or any evidence developed as a result of his own testimony to incriminate him at trial.

As Justice Holmes observed, a "party is privileged from [himself] producing the [incriminating] evidence, but not from its production [by others]."[25] The Fifth Amendment protects the party who seeks to avoid self-incrimination. It does not protect the testimony of individuals who are not incriminating themselves and who have only supported another individual's invocation of his Fourth Amendment rights.

For the foregoing reasons, the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

## ON PETITION FOR REHEARING

PER CURIAM:

In his petition for rehearing, Boruff reasserts the claims, made in his original brief and not addressed by the court in its original opinion, that the government's use of Howell's testimony violated Boruff's sixth amendment right to effective assistance of counsel and his fifth amendment right to due process.

Counsel's decision to call a witness to testify at a suppression hearing, knowing that the government may thereby learn of his existence and call him to testify at trial, is a matter of trial strategy, and does not render his assistance ineffective.[1] Nor is the defendant's due process right to a fair trial violated when the government calls this witness to testify at trial. The requirement that the government establish its case by presenting evidence "independently secured through skillful investigation"[2] ensures that the government "prov[e] its charge against the accused not out of his own mouth,"[3] a claim we have already considered.

The petition for rehearing is, therefore, DENIED.

---

**22.** *Bellis,* 417 U.S. at 90, 94 S.Ct. at 2184.

**23.** *Kastigar,* 406 U.S. at 46, 92 S.Ct. at 1665.

**24.** *Brown v. Trigg,* 791 F.2d 598, 602 (7th Cir. 1986); *see United States v. Ceccolini,* 435 U.S. 268, 277, 98 S.Ct. 1054, 1060–61, 55 L.Ed.2d 268 (1978).

**25.** *Johnson v. United States,* 228 U.S. 457, 33 S.Ct. 572, 57 L.Ed. 919 (1913).

**1.** *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**2.** *Watts v. Indiana,* 338 U.S. 49, 54, 69 S.Ct. 1347, 1350, 93 L.Ed.2d 1801 (1949).

