Kathleen M. **RYERSON**, Plaintiff,

v.

**INTERNAL REVENUE SERVICE: IRS Revenue Agent Jeffey Fox, and Group Manager Barbara Wolf, Defendants.**

No. MC 04–0110–PHX–EHC.

United States District Court,
D. Arizona.

April 13, 2005.

Kathleen M. Ryerson, Show Low, AZ, pro se.

John B. Snyder, III, U.S. Dept. of Justice, Washington, DC, for Defendants.

## ORDER

CARROLL, District Judge.

Pending before the Court is the Plaintiff's ("Plaintiff") Petition to Quash Third Party Summons ("Petition"). [Dkt. 1]. Plaintiff filed a Motion for Leave to Amend Petition to Quash Third Party Summonses ("Motion to Amend"). [Dkt. 6]. Defendants ("Defendants") have filed a Motion to Dismiss Plaintiff's Petition and a Response to Plaintiff's Motion to Amend ("Motion to Dismiss"). [Dkt. 9, Dkt. 15]. Plaintiff filed a Motion to Strike Defendants' Motion to Dismiss. [Dkt. 11]. The matters pending before the Court have been fully briefed.

### Background:

Defendants, while conducting an investigation regarding Plaintiff's income tax liabilities for tax years 2002 and 2003, issued third-party record keeper summonses on Arizona Public Service Company ("APS") and Wells Fargo Bank Arizona AZ ("Wells Fargo"). [Dkt. 9]. In the summonses, Defendants requested certain records relating to Plaintiff for the years at issue. [Dkt. 19. Exh. A and B]. Plaintiff was served with copies of the summonses. [Dkt. 1]. Plaintiff brought this action to quash the summonses. [Dkt. 1].

Plaintiff argues that the summonses are "thinly -veiled" attempts to circumvent her Fifth Amendment right against self incrimination. [Dkt. 1, p. 2]. Plaintiff argues that responses to the summonses would lead to evidence having a tendency to incriminate, and that she has reasonable cause to expect criminal prosecution. [Dkt. 1, p. 3]. Plaintiff alleges that the summonses were not issued as part of a civil investigation into her tax liabilities, but were instead issued as part of a criminal investigation that targets her as an "investigative lead." [Dkt. 11. p. 3]. Plaintiff alleges that the summonses were issued in violation of the Internal Revenue Code Section ("I.R.C.") 7602(d)(1) which provides that a summons cannot be issued or enforced by the Internal Revenue Service ("IRS") where a Justice Department referral is in effect.[1] [Dkt. 11, pp. 4–5]. Plaintiff alleges that the summonses were also improperly issued to entities not defined as "third-party" record keepers under the IRC, and are therefore invalid. [Dkt. 9, p. 7].

Defendants argue that the summonses do not implicate Plaintiff's Fifth Amendment rights. [Dkt. 9. p. 3]. Defendants allege that the Fifth Amendment does not apply to Plaintiff because the summonses do not require her to produce anything, but instead require third-parties to produce documents. [Dkt. 9, p. 3]. Defendants allege that no Department of Justice Referral has been made regarding Plaintiff. [Dkt. 19, p. 4] Defendants argue that Plaintiff incorrectly referenced Treasury Regulation § 302.7609–2(a) to define "third-party record keeper," and that the IRS has broad discretion to summon records from any third party. [Dkt. 19. p. 4].

### Discussion:

#### Right to Intervene

Under 26 U.S.C. § 7609, a taxpayer may intervene in proceedings to enforce an IRS summons if they are entitled to notice of the summons. Section 7609(a)(1) provides that the IRS must give notice of a third-party summons to a taxpayer or anyone identified in the summons (other than the individual summoned), if that summons requires the production of documents with respect to that person. Section 7609(b)(2) provides that any person entitled to notice

---

1. Under 26 U.S.C. § 7602(d)(2), a Justice Department Referral is in effect if the Secretary has recommended to the Attorney General, a grand jury investigation of, or a criminal investigation of, a person for an offence in connection to the Internal Revenue Code.

under subsection (a) "shall have the right to begin a proceeding to quash such summons."

The Court has jurisdiction to enforce the summonses. 26 U.S.C. § 7604. Plaintiff has filed a proper and timely motion to quash the summonses under consideration in the instant matter. Accordingly, the Court has jurisdiction to consider the Plaintiff's challenge.

*Summons Objections*

■■■ In order for the IRS to obtain enforcement of its summonses, it must demonstrate "good faith" by showing that the summonses: (1) are issued for a legitimate purpose; (2) seek information relevant to that purpose; (3) seek information not already within the IRS possession; and (4) satisfy all administrative steps required by the United States Code. *United States v. Boulware*, 350 F.Supp.2d 837, 845 (D.Hawai'i 2004) (citing *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964)). The Government's burden is slight and is generally satisfied when the revenue agent who issued the summonses introduces a sworn declaration establishing that the *Powell* requirements are met. *Id.* (citing *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir.1995)). If the Government has made its prima facie case, and the plaintiff chooses to challenge the enforcement of an IRS summons, that plaintiff faces a heavy burden to show an abuse of process. *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993).

Defendant Jeffrey Fox submitted a Declaration stating that: (1) the summonses were issued for the legitimate purpose of determining Plaintiff's tax liabilities, (2) the information sought through the summonses may be relevant to aid the IRS in determining Plaintiff's correct federal tax liabilities; (3) the documents sought in the summonses were not in the possession of the IRS at the time the summonses were issued; and (4) all administrative requirements have been met with regard to the summons. [Dkt. 19]. The IRS has made its prima facie case, and the burden is shifted to Plaintiff.

Plaintiff has stated four objections to the summonses issued by defendants: (1) that Defendants have violated her Fifth Amendment rights; (2) that Defendants' summonses are improper attempts at a criminal investigation: (3) that Defendants' summonses were improperly issued after a Justice Department referral; and (4) that Defendants exceeded their authority by summoning improper third-parties.

*Fifth Amendment*

■■■ The privilege against self-incrimination is an "intimate and personal one." *Couch v. United States*, 409 U.S. 322, 327, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). The privilege springs from "an abhorrence of governmental assault against the single individual accused of a crime and the temptation on the part of the State to resort to the expedient of compelling incriminating evidence from one's *own* mouth." *Id.* at 328, 93 S.Ct. 611 (emphasis added) (citing *United State v. White*, 322 U.S. 694, 698, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944)). The privilege "adheres basically to the person, not to the information that may incriminate him." *Id.* "The Constitution explicitly prohibits compelling an accused to bear witness '*against himself*': it necessarily does not proscribe incriminating statements elicited from another." *Id.* (emphasis added). The privilege protects the party from producing evidence herself, but not from its production by another. *Id.* (citing *Johnson v. United States*, 228 U.S. 457, 458, 33 S.Ct. 572, 57 L.Ed. 919 (1913)).

■■■ Plaintiff alleges that Defendants' summonses are an improper attempt to circumvent her Fifth Amendment rights. Plaintiff argues that in response to Defendants' summonses, APS and Wells Fargo might produce documents that have a ten-

dency to incriminate her. [Dkt. 1, p. 2]. Plaintiff argues that this production violates her right against self-incrimination. These documents, however, were never in Plaintiffs custody and control, and are primarily business records kept by both summoned parties in the ordinary course of business. Plaintiff has no protectable interest in these "third-party" records.

While the divulgence of potentially incriminating evidence against Plaintiff is naturally unwelcome, such divulgence is a necessary part of the process of law enforcement and tax investigation. *Couch*, 409 U.S. at 329, 93 S.Ct. 611. Accordingly, the Court finds that Defendants have not infringed upon Plaintiff's Fifth Amendment rights.

### Criminal Investigation

■ Under 26 U.S.C. § 7602, an IRS summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution. *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971). An investigation "with the potential for a recommendation of criminal prosecution is being conducted is not sufficient to establish bad faith." *United States v. Cecil E. Lucas General Contractor, Inc.,* 406 F.Supp. 1267, 1273 (1975). In order for a Plaintiff to meet its burden, she must show that the " 'sole object' for which the summons was issued was to gather evidence for a criminal prosecution *of the taxpayer." United States v. Theodore,* 479 F.2d 749 (4th Cir.1973); *United States v. Billingsley,* 469 F.2d 1208 (10th Cir.1972).

■ Plaintiff alleges that Defendant has abused process through its "issuance of an administrative summons for the purpose of gathering evidence in a criminal investigation ..." [Dkt. 11, p. 4]. Plaintiff offers evidence in the form of a transcript of a meeting between herself and IRS investigators, and a press release detailing the

Justice Department's criminal prosecution of Innovative Financial Consultants. [Dkt. 11, pp. 3–4]. Plaintiff alleges that because she was asked about Innovative Financial Consultants during a voluntary meeting with IRS investigators, she is an "investigative lead" in a criminal investigation. [Dkt. 11, p. 3]. As evidenced by the summonses themselves, and the Declaration of Jeffrey Fox, the summonses were issued to investigate *Plaintiff's* tax liabilities. Plaintiff has offered no evidence that the summonses sought information relevant to a Justice Department investigation of Innovative Financial Consultants, nor has Plaintiff offered evidence that a criminal investigation has been initiated or recommended to the Justice Department with respect to her. While there is a possibility that criminal prosecution against Plaintiff might be conducted at sometime in the future, the IRS investigation has not reached the point where it can be fairly deemed "solely criminal." *Theodore,* 479 F.2d 749: *Billingsley,* 469 F.2d 1208.

### Justice Department Referral

26 U.S.C. § 7602(d)(1) provides that "no summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person." Plaintiff alleges that Defendants have issued summonses at issue as part of a criminal investigation, and thus, Defendants have violated Section 7602(d)(1). Defendant, Jeffrey Fox, has declared for the record that no Justice Department Referral is in effect for Plaintiff. Plaintiff has offered no evidence to the contrary. The Court finds that no Justice Department Referral is in effect for Plaintiff, and Defendants have not violated Section 7602(d)(1).

*Authority to Summon*

Under Section 26 U.S.C. § 7601, the IRS may investigate and inquire after "*all* persons ... who may be liable to pay any internal revenue tax." Under 26 U.S.C. § 7602, the IRS may summon *any* person for the taking of testimony and the examination of books which may be relevant for "ascertaining the correctness of any return, ... determining the liability of any person ... or collecting any such liability ..." Under this statutory scheme, the IRS has the power to "examine any books, papers records, or other date which may be relevant ... [and to summon] any person having possession ... of books of account ... relevant or material to such inquiry." *United States v. Bisceglia,* 420 U.S. 141, 145–46, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975). The IRS utilizes this power to investigate and not to accuse. *Id.* at 146, 95 S.Ct. 915.

 The Plaintiff alleges that because the summonses were not issued to third-party record keepers as described in Treasury Regulation § 302.7609-2(a), the summonses are "void for lack of authority." [Dkt. 11, pp. 3–4]. Plaintiff misunderstands the meaning of her citation. The Treasury Regulation, now codified at 26 U.S.C. § 7603(b)(2), defines which third-party record keepers may be served an IRS summons by certified or registered mail.[2] Defendants' summons power is not limited to these defined parties. Defendant may summon *any* person who may possess relevant information regarding Plaintiff's tax liability. The Defendants have therefore not exceeded their authority in issuing summonses to APS and Wells Fargo.

Accordingly, Plaintiff has not met her "heavy burden" of showing that Defendant has issued summonses in bad faith.

**IT IS ORDERED** that Plaintiff's Petition to Quash Third Party Summonses is **DENIED.** [Dkt. 1].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend is **DENIED** as moot. [Dkt. 6].

**IT IS FURTHER ORDERED** that Defendants Motion to Dismiss is **GRANTED** [Dkt. 9]. the Plaintiff's Motion to Strike is **DENIED** [Dkt. 11], and the Petition is **DISMISSED WITH PREJUDICE.** [Dkt. 1].

**IT IS FURTHER ORDERED** that the Clerk close the docket.

---

**2.** 26 U.S.C. § 7609(b)(1) provides that "a summons referred to in section (a) for production of books, papers, records or other data by a third party recordkeeper may also be served by certified or registered mail ..." 26 U.S.C. § 7609(b)(2) provides that "[f]or purposes of paragraph (1) the term 'third-party recordkeeper means ...' "