# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Nicole Elks Bryant

    v.

Richard Lane Bryant

August 11, 2015

Case No. CL14-753

By Judge Randall D. Smith

This matter was before the Court on July 8, 2015, for various motions. The Court took under advisement two of those motions, the defendant's motion for imposition of sanctions under Va. Code § 8.01-271.1 and plaintiff's motion in response to defendant's motion to overrule the plaintiff's objection to defendant's second set of request for production of documents (essentially, plaintiff's claim to privileges for privacy and her Fifth Amendment claim against self-incrimination).

The Court has considered the arguments of counsel and applicable legal authorities, and is now prepared to rule.

## Fourth Amendment Right to Privacy

Privacy is related to the Fourth Amendment protection against unlawful searches and seizures. Regardless of whether or not photographs were accidentally uploaded to "Facebook," the Fourth Amendment is concerned with the government's intrusion into an individual's "right to privacy"; more on point, it analyzes legitimate expectations of privacy. It protects against government action, and, therefore, has no application in a discovery dispute between husband and wife in a divorce action.

## Fifth Amendment Self Incrimination

Although the Fifth Amendment provides, in applicable part: "No person . . . shall be compelled in any criminal case to be a witness against himself," courts have expanded its protection to be applicable in civil cases as well as criminal. Often quoted in Fifth Amendment cases is the maxim: "A party is privileged from producing the evidence but not from its production." *Johnson v. United States*, 228 U.S. 457 (1913) (Holmes, J.) The protection

afforded under the Fifth Amendment adheres to the person and not to the information that may be incriminating. The motion for production compels the production of photographs and/or statements already in existence and produced without compulsion on their creator. The Fifth Amendment protects against *compelled testimonial* evidence. *Moyer v. Commonwealth,* 33 Va. App. 8, 20, 531 S.E.2d 580, 586 (2000) (quoting *Fisher v. United States,* 425 U.S. 391, 400–01 (1976) ("We cannot cut the Fifth Amendment completely loose from the moorings of its language, and make it serve as a general protector of privacy — a word not mentioned in its text and a concept directly addressed in the Fourth Amendment. We adhere to the view that the Fifth Amendment protects against 'compelled self-incrimination, not [the disclosure of] private information'.")); *Fisher,* 425 U.S. at 409–10 (holding that where "the preparation of all the papers sought [by subpoena] . . . was wholly voluntary . . . they cannot be said to contain *compelled* testimonial evidence.").

Therefore, defendant's motion to overrule the plaintiff's objection to defendant's second set of request for production of documents is granted. Counsel for the defendant is requested to prepare and circulate for endorsement an order consistent with the Court's ruling and submit same for entry. The documents in question, which were produced by the plaintiff to the Court as confidential, may be retrieved at Judges' Chambers by counsel for the defendant at her convenience.